THE INDIANA MILLERS' MUTUAL FIRE INS. CO. *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1897—Rehearing denied February 2, 1898.*

1. PLEADING—*when judgment in action of debt may exceed ad damnum.* In an action of debt to recover a statutory penalty the damages may be laid in the declaration as nominal and a judgment be entered for substantial damages.

2. APPEALS AND ERRORS—*appeal lies to Supreme Court where the validity of a statute is involved.* Under section 8 of the act on courts, as amended in 1887, (Laws of 1887, p. 156,) appeals in cases involving the validity of a statute lie directly to the Supreme Court.

3. SAME—*decision of Appellate Court reviewed only as to errors properly assigned.* The Supreme Court can review the decision of the Appellate Court only as to errors there properly assigned and insisted upon and upon which such court had jurisdiction to pass.

4. SAME—*appealing to Appellate Court waives right to assign errors cognizable only by Supreme Court.* Appealing to the Appellate Court and submitting the case for its determination upon assigned errors which it may properly consider, is a waiver or abandonment of any assignment of error which can be reviewed only by the Supreme Court on direct appeal.

5. PRACTICE—*points relied upon for reversal cannot be first raised in reply brief.* Points relied upon for reversal must be raised in the appellant's original brief and argument, to enable opposing counsel to be heard thereon, and cannot be considered when raised for the first time in the reply brief.

*Indiana Millers' Fire Ins. Co.* v. *People,* 65 Ill. App. 355, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

MYRON H. BEACH, for appellants.

M. T. MOLONEY, Attorney General, JOHN M. HERBERT, State's Attorney, (R. J. STEPHENS, and HILL & MARTIN, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of debt, begun in the circuit court of Jackson county, in the name of the People of the State of Illinois, against the appellant company and Edward Dinsley, to recover the penalty prescribed by section 4 of the act in force July 1, 1879, against foreign insurance companies for transacting business in this State in violation of the requirements of section 1 of that statute. The declaration upon which the trial was had was of two counts, each charging a distinct offense. It was stated in the abstract that the defendants filed pleas to the merits, but what those pleas were does not appear. Issues were joined, and a trial by jury resulted in a verdict and judgment for plaintiff against each of the defendants for $1000. The defendants moved for a new trial and in arrest of judgment, and both of these motions being overruled and judgment entered upon the verdict they appealed to the Appellate Court for the Fourth District, and there assigned numerous errors questioning the regularity of the proceedings in the trial court. The Appellate Court held that the judgment against each of the defendants was erroneous, but corrected the error by entering judgment in that court against the defendants jointly for $1000 and overruled the other errors assigned. From that judgment this appeal is prosecuted.

In the original brief and argument of appellants but two grounds of reversal are urged. Each count of the declaration concludes "to the damage of the plaintiff of one cent." It is insisted that, inasmuch as the judgment largely exceeds that nominal sum, the circuit court erred in overruling the defendants' motion in arrest of judgment, and that the Appellate Court erroneously entered judgment for $1000 against them in that court. Many cases are cited which are supposed to sustain the position that, regardless of the cause of action, the judgment in debt can in no case exceed the *ad damnum;* but the cases

are not in point. This is an action on a statute, to re-
cover a penalty, and as said by the Appellate Court, in
such cases the damages inserted in the declaration need
only be nominal. There was no merit in the motion in
arrest of judgment.

The second point made is, that the statute under which
the action was brought is invalid, being in violation of the
constitution of the State. We do not regard that ques-
tion as properly before us. Whether the pleas questioned
the validity of the statute or not, as above indicated, does
not appear. It is said, however, in the argument, that
the question was raised upon the trial by the refusal of
an instruction asked by the defendants. It is immaterial,
in our view of the case, whether the validity of the stat-
ute was properly in issue before the trial court and jury
or not. Our statute expressly provides that cases involv-
ing the validity of a statute shall be taken directly to the
Supreme Court. (3 Starr & Curtis' Stat.—2d ed.—chap.
110, sec. 88, p. 3114.) In this case, as we have already
stated, the defendants elected to prosecute their appeal
to the Appellate Court and there assign errors upon the
record as to the regularity of the proceeding below, which
was decided adversely to them in that court, and they
now bring the record to this court from the Appellate
Court and attempt to urge the unconstitutionality of the
statute on which the action is based. This, we entertain
no doubt, they cannot do. The appeal to the Appellate
Court waived any question which could be brought to
this court for review. By direct appeal they voluntarily
went to the Appellate Court and there assigned errors
over which that court had jurisdiction and could prop-
erly pass. They did not, nor could they, assign for error
there the ruling of the trial court as to the validity of
the statute, because the Appellate Court had no power
whatever to pass upon that question. Clearly, this court
can review the decision of the Appellate Court only upon
errors there properly assigned and insisted upon over

which it had jurisdiction to pass. Suppose we should find (as we must, so far as the questions are raised here,) that the Appellate Court decided correctly on all the er-. rors assigned upon which it had jurisdiction, but should conclude that the statute is invalid; certainly we could not say that the Appellate Court erred. In that case we would be compelled to hold that it neither could nor did decide upon the questions upon which we based our decision.

If the validity of the statute was involved in the trial court, and the defendants desired to insist upon its invalidity, their remedy by appeal was clearly pointed out by the statute,—that is, a direct appeal to this court; and by choosing to go to the Appellate Court and there submitting their case for review they abandoned the contention that the law was unconstitutional. They were not entitled, by indirection through the Appellate Court, to bring that issue before us, thus availing themselves of an appeal first to that court and then to this. To hold otherwise would be to abrogate a plain and well understood provision of the statute, by which alone the right to an appeal exists.

In the reply brief counsel say that if this court is of the opinion that the validity of the act is not properly before it, we still have jurisdiction of the case upon the question presented by the judgment, which exceeds the amount of damages laid in the *ad damnum* of the declaration, (which we have already disposed of,) and also upon the construction placed upon the statute by the trial court in plaintiff's third instruction and by the Appellate Court in its opinion and judgment. The practice of presenting cases in this manner cannot be tolerated. Points relied upon for reversal must be made in the original argument of appellants or plaintiffs in error, thus giving opposing counsel an opportunity to be heard upon them, and cannot be raised for the first time in an appellate court by a mere reply brief and argument. This is so

manifest that no argument is needed in support of the proposition, and if it were otherwise, nothing is here shown against the instruction mentioned.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*