# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

MARY TAYLOR

*v.*

A. L. PIERCE *et al.*

*Opinion filed June 18, 1898.*

1. APPEALS AND ERRORS—*appeal from decree establishing legal existence of highway involves a freehold.* A public highway is a perpetual easement, and an appeal which raises the material question of the existence or non-existence of such highway involves a freehold.

2. SAME—*Appellate Court cannot review decree establishing highway.* The Appellate Court has no jurisdiction to review a decree where the question necessary for determination is the existence or non-existence of a public highway.

3. SAME—*limitation on Supreme Court's power to review Appellate Court's judgment.* The Supreme Court can review a judgment of the Appellate Court only as to errors properly assigned and presented in the Appellate Court and over which that court had jurisdiction.

4. SAME—*Supreme Court will consider all errors where a freehold is involved.* Where the decision of a case necessarily involves the determination of the existence or non-existence of a freehold estate the appeal must be taken directly to the Supreme Court, and that court, having exclusive appellate jurisdiction in such case, will consider all errors assigned.

*Taylor v. Pearce,* 71 Ill. App. 525, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Iroquois county; the Hon. C. R. STARR, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the Second District, affirming a decree entered in the cause in the circuit court of Iroquois county. The proceeding was in chancery.

The bill alleged the appellant was the owner of the north sixty acres of the north half of the north-west quarter of section 18, township 27, north, range 11, west of the third principal meridian, and that the appellees, who were commissioners of highways in and for Concord township, in said Iroquois county, claimed that a highway had been duly and legally established, extending over and upon a certain strip of ground along the north side of the said tract of land, and that a certain fence belonging to the complainant was within the limits of said highway; that no highway had been established where such fence was located, or if it had been, the public had lost all rights therein by adverse possession of the complainant for more than twenty years; that said commissioners had removed the fences from said portion of the said tract within the limits of the alleged highway; that the appellant had replaced the fences and the commissioners had removed them, whereupon appellant again placed them back upon the line from which they had been so removed; that two or more suits had been instituted between the parties growing out of the question, and that the said appellees, as commissioners, were threatening to again remove the fence and to institute suits against appellant for obstructing the alleged highway, etc. The prayer of the bill was that the court should hear and determine the contention whether the *locus in quo* was a public highway, and should restrain the commissioners from removing the fences or instituting further suits against the

appellant until the rights of the public and of the appellant in the strip of land in question could be heard and determined by the court.

A preliminary injunction was granted by the master. The decree of the circuit court was that the injunction should be dissolved and the bill dismissed. The appellant, by writ of error, brought the decree of the circuit court into the Appellate Court for the Second District for review. The Appellate Court affirmed the decree of the circuit court, and the appellant has brought the record into this court by appeal from the judgment of the said Appellate Court for further review.

ROBERT DOYLE, for appellant.

KAY & KAY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

We are urged in the brief of counsel for appellant to reverse the judgment of the Appellate Court upon three grounds only, viz.: First, it did not appear from the record that a highway legally existed covering the said strip of ground; second, that if any highway had been legally established there it had been lost by non-user and the adverse possession of the appellant; and third, that the circuit court erroneously entered the decree dissolving the injunction and dismissing the bill upon a motion to dissolve the injunction, and without hearing the evidence of either party.

The first and second of these contentions involve the issue of the existence of a public highway. A public highway is a perpetual easement and a freehold estate. (*Chaplin* v. *Comrs. of Highways*, 126 Ill. 264; *Village of Crete* v. *Hewes*, 168 id. 330.) A freehold is involved where a freehold is so put in issue that a decision of the case necessarily involves a decision of that issue. (*Sanford* v. *Kane*, 127 Ill. 591.) The Appellate Court is lacking in jurisdiction and power to consider and determine a contention

involving a freehold estate. We can, on appeal from a judgment rendered by the Appellate Court, only review the decision of that court upon errors over which it had jurisdiction to pass. (*Indiana Millers' Fire Ins. Co.* v. *People*, 170 Ill. 474.) If the appellant desired to have reviewed that part of the decree of the circuit court which involved a freehold she should have brought the record directly from the circuit court to this court. In such cases this court will consider and decide all assigned errors, as well those which involve a freehold as those which do not.

It was within the power and jurisdiction of the Appellate Court to decide the third contention, but it appears from the record that the subject matter thereof was not assigned as for error in that court. The only assignments of error in that court were as follows: First, the court erred in dissolving said injunction, because the main allegations in said bill are not denied but admitted by said answer; second, there is nothing in said record showing said road was ever opened or traveled south of said fence, and as the allegations that said fence has been in that place for twenty-five years are not denied, therefore the court erred in dismissing the bill. These assignments did not present to the Appellate Court the question whether the circuit court heard or should have heard the evidence of the parties. In *Indiana Millers' Fire Ins. Co.* v. *People*, *supra*, we said: "Clearly this court can review the decision of the Appellate Court only upon errors there properly assigned and insisted upon." As the only errors assigned in the Appellate Court were such as involved the issue as to the existence of a freehold, that court should have dismissed the writ of error for want of jurisdiction.

The Appellate Court not having jurisdiction of the errors assigned, its judgment must be reversed and the cause remanded to that court, with directions to dismiss the writ of error for want of jurisdiction.

*Reversed and remanded.*