## Thomas A. Galt v. William P. Palmer and Daniel Myers.

1. FREEHOLD—*Involved Where the Issue is the Dedication of Real Estate.*—Where, in an action of trespass to real estate in a city, the only issue litigated is whether the real estate in question had been dedicated and accepted as a public alley, a freehold is involved. and the Appellate Court has no jurisdiction of an appeal from a judgment in such action.

Trespass, to real estate. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1900. Appeal dismissed. Opinion filed June 8, 1900.

J. E. McPHERRAN, attorney for appellant.

C. L. SHELDON and WALTER N. HASKELL, attorneys for appellees.

Mr. Justice Dibell delivered the opinion of the court.

This is a suit brought before a justice of the peace by Thomas A. Galt against William P. Palmer and Daniel Myers for an alleged trespass to real estate. On an appeal to the Circuit Court the case was tried without a jury, and resulted in a finding and a judgment for defendants, from which Galt prosecutes this appeal to this court.

The real estate in question is the north eighty feet of a strip of land eight feet wide running north and south from Third street to Depot street in the city of Stirling, near the center of block two in Wallace's addition. East of the part of said strip here in question is a building called Wallace House, and west of it is a building known variously as Wallace Hall, Wallace Opera House and Masonic Temple. The second and third stories of Wallace House are connected with the second and third stories of Wallace Hall a part of their respective lengths. Underneath is an opening from sixteen to twenty feet high. Shortly prior to the commencement of this suit Galt, then the owner of Wallace House, began laying a board floor in this space from its north entrance to the rear end of said two buildings, put in a door at its north end on the line of Third street, and had arranged to close up said space at the rear end of said buildings. Palmer was superintendent of streets of said city, and Myers was an employe of the city under the superintendent. The city council claimed this eight foot space was a public alley and instructed the superintendent of streets to remove the obstructions Galt was placing therein. The mayor communicated the order to the superintendent of streets, and defendants removed said obstructions in obedience to said directions, and these are the acts complained of.

The action having been commenced before a justice of the peace the pleadings were oral, so that we can only determine from the evidence introduced by the parties, from the propositions of law presented, and from their arguments here, what issues were tried. Defendants did not deny committing the acts complained of, but sought to

justify them solely upon the ground that this was a public alley over which the city council had jurisdiction, and that defendants were acting in obedience to the lawful orders of the city council in doing the acts complained of. It is argued the court below erred in ruling upon the evidence and upon propositions presented by plaintiff. But the main contention of appellant is that the court erred in finding that this strip was a public alley and that therefore defendants were not guilty.

It is clear that the decision of this case by the court below, as the proofs were presented and the case was tried, necessarily involved a determination of the question whether the strip in question was a public alley. If it was, the judgment of the court below is right; if it was not, the judgment is wrong. The decision of that issue involves a freehold. An alley is but a narrow street or highway, and a public highway is either held by the municipality in fee, or it is a perpetual easement, and in either case it is a freehold. We have therefore no jurisdiction to determine whether from the facts in evidence the strip in question became a public alley. (Taylor v. Pierce, 174 Ill. 9.) In the case just cited it was held that although the case involved a freehold, of which the Appellate Court had no jurisdiction, yet if the errors assigned raised a question which did not involve a freehold, the Appellate Court had power and jurisdiction to determine that question. The questions argued here upon the evidence are whether certain proof admitted over plaintiff's objection tended to prove the strip had been offered and accepted as a public alley— that is, whether it tended to establish a freehold, and whether it was competent for that purpose. We are of opinion the decision of these questions involves a freehold. The same is true of the questions raised upon the propositions presented. The record presents no question over which we have jurisdiction, and the appeal is therefore dismissed, with leave to appellant to withdraw record, abstracts and briefs. Appeal dismissed.