MAURICE E. CASE

*v.*

THE CITY OF SULLIVAN *et al.* .

*Opinion filed June 14, 1906.*

1. SPECIAL ASSESSMENTS—*section 84 of the Improvement act deprives board of power to finally accept work.* Section 84 of the Local Improvement act, providing for a hearing by the court as to the truth of the facts stated in the certificate of the board of local improvements as to whether the improvement conforms substantially to the ordinance, takes from the board the power, formerly exercised under section 83 of the act, to finally determine that the improvement conforms to the ordinance and to conclusively bind the city by accepting the completed work.

2. SAME—*city cannot be compelled to issue improvement bonds until section 84 is complied with.* A city cannot be compelled, by *mandamus*, to issue improvement bonds to the contractor to pay for a local improvement constructed by a special assessment payable in installments, where the petition fails to show that section 84 of the Local Improvement act has been complied with, even though it alleges the completion of the improvement in accordance with the ordinance, to the satisfaction of the improvement board, and the acceptance of such improvement by the board.

3. APPEALS AND ERRORS—*when constitutional question is waived.*
By taking an appeal to the Appellate Court and assigning errors
only as to matters which that court had jurisdiction to hear and de-
termine the appellant waives the question of the alleged unconsti-
tutionality of a statute, and cannot urge the same in the Supreme
Court on further appeal.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of Moultrie county; the Hon. W. C. JOHNS, Judge, pre-
siding.

JACK, IRWIN, JACK & DANFORTH, for appellant.

JOHN E. JENNINGS, and F. M. HARBAUGH, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition filed in the circuit court of Moultrie
county by the appellant to coerce the city of Sullivan, its
mayor and city clerk, to issue to him improvement bonds
under the Local Improvement act of 1897, for the sum of
$36,343.77, in payment of the contract price for improving
a portion of Harrison and other streets in said city by curb-
ing and paving the same, which improvement was put in by
the appellant in the year 1904 under a contract with the
board of local improvements of said city, made in the month
of October of that year by virtue of an ordinance of said
city bearing date July 18, 1904. The appellees demurred to
the petition upon the ground that the assessment for said
improvement was divided into installments, and the petition
failed to show a finding of the court in which said assess-
ment had been confirmed, that said improvement as com-
pleted conforms substantially to the requirements of the
original ordinance providing for the construction of the im-
provement, as required by section 84 of the Local Improve-
ment act, as amended May 14, 1903. The court sustained

the demurrer, and, the appellant having elected to stand by his petition, dismissed the petition and rendered judgment against the appellant for costs, which judgment, upon appeal, was affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The petition averred that the improvement had been completed in accordance with the terms of the improvement ordinance and to the satisfaction of the board of local improvements of said city, and that the improvement had been accepted by said board of local improvements. This brought the construction and acceptance of the improvement within the terms of section 83 of the Local Improvement act of 1897. It, however, failed to show that a certificate had been filed by the board of local improvements in the court in which the assessment had been confirmed, within thirty days after the final completion and acceptance of the work, or at any other time, stating said improvement, as completed, conformed substantially to the requirements of the original ordinance for the construction of the improvement, and applying to the court to consider and determine the truth of the facts stated in said certificate, or that there had been a hearing upon said certificate or a finding by said court that the facts stated in said certificate were true and that said improvement had been completed in substantial conformity to the requirements of the original ordinance. In other words, the petition failed to show that the requirements of section 84 of the Local Improvement act, as amended in 1903, had been complied with at the time the petition for *mandamus* was filed.

The sole question, therefore, presented for decision in this case is, must the board of local improvements of a city comply with the provisions of said section 84 as amended, by filing in the court where the assessment was confirmed the certificate provided for therein to be filed, and there be a hearing upon said certificate, and the court enter an order that the improvement, as completed, conforms, in substance,

to the improvement ordinance, as a condition precedent to the right of the city to issue to the contractor the improvement bonds provided to be issued in payment of a local improvement where the assessment is divided into installments, in cases where, as here, the contractor has agreed to accept said improvement bonds in payment of the work, or may such improvement bonds rightfully be issued to the contractor upon the acceptance of the work by the board of local improvements and without the filing of said certificate by said board and the entry of such order by said court?

The law is well settled that before a party will be coerced by a writ of *mandamus* to perform an act it must clearly appear from the petition that it is his clear legal duty to perform such act, and if a clear legal duty to perform the act sought to be coerced does not rest upon the party sought to be coerced, the court will not grant the writ. It was therefore essential the petitioner should show by his petition that it was the legal duty of the appellees to issue said improvement bonds at the time he filed his petition, and if any step or steps in the court where said assessment was confirmed was necessary to be taken as a condition precedent to the right of said appellees to issue said bonds which had not been taken at the time the petition for *mandamus* was filed, then the appellant was not entitled to the relief prayed for and the petition was properly dismissed.

Section 83 of the Local Improvement act, standing alone, undoubtedly authorizes the board of local improvements to determine whether a local improvement has been constructed substantially in accordance with the provisions of the improvement ordinance, and if such board decides it has been so constructed and accepts the improvement, such acceptance is conclusive in the proceeding to make the assessment, and in all proceedings to collect the same or the installments thereof, on all persons and property assessed therefor, and that the work has been performed substantially according to the requirements of the improvement ordinance. This sec-

tion was in full force prior to the passage of the amendment of 1903 to section 84, and under the law as it then was it would have been the duty of the city, upon the acceptance of the work by the board of local improvements, to issue improvement bonds in payment thereof. By the amendment to section 84 boards of local improvements in cities are required, within thirty days after the completion and acceptance of any work, in case the assessment is divided into installments, to file a certificate in the court where the assessment was confirmed, stating, among other things, whether the improvement, as completed, conforms substantially to the requirements of the original ordinance for the construction thereof, and to make an application to said court to consider and determine whether or not the facts stated in said certificate are true, and thereupon it becomes the duty of the court to fix a time and place for the hearing upon said application. Notice is required to be given of such hearing, objections may be filed, and the certificate of the board of local improvements is made *prima facie* evidence of the truth of the facts stated therein. If, on the hearing, the court finds that the improvement is constructed in substantial accordance with the ordinance, the acceptance thereof by the board of local improvements is approved. If it finds the improvement has not been constructed in substantial accordance with the ordinance, it is then made the duty of the board of local improvements to procure the completion of the improvement in substantial accordance with the improvement ordinance, and the board may from time to time file additional and supplemental applications or petitions in respect thereto, until the court shall be satisfied that the improvement is constructed in substantial accordance with the ordinance; and if, before the entry of such final order, there shall have been issued to the contractor, in the progress of the work, any improvement bonds to apply on the contract price thereof, said contractor, or the then owner or holder thereof, shall be entitled to receive in lieu thereof new bonds

of equal amount, dated and issued after the entry of said order.

By the passage of this amendment we think it clear the powers conferred upon boards of local improvements by section 83, whereby such boards were given power to finally determine whether a local improvement had been constructed substantially in accordance with the improvement ordinance and to accept the improvement, and thereby bind the city and the property owner, were taken away and conferred upon the court wherein the assessment was confirmed, and that the city or property owner is not concluded upon that question by the action of the board of local improvements, and is only concluded by the action of the court where the assessment was confirmed, which action, when had in that court, becomes *res judicata* of the question in all subsequent proceedings to collect the assessment. (*People* v. *Cohen,* 219 Ill. 200.) If the action of the board of local improvements in accepting an improvement is not conclusive on the city and property owner that an improvement has been completed in substantial compliance with the terms of the improvement ordinance, but they have the right to submit that question to the court in which the assessment was confirmed, it would seem apparent the city ought not to be required to issue improvement bonds in payment of an improvement until it had been judicially determined, in the manner pointed out in the statute, that the improvement constructed was substantially the improvement provided for in the ordinance, as otherwise the city might be required to issue improvement bonds to pay for an improvement not provided for by the improvement ordinance, and one which the court might eventually refuse to permit the board of local improvements to accept and which it would order said board of local improvements to have completed in accordance with the ordinance. We think the amendment to section 84 was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement ordinance being foisted

upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof.

In *Gage* v. *People,* 219 Ill. 634, it was held a special assessment is not delinquent until after a certificate of the cost of the improvement has been filed in the court where the assessment was confirmed, by the board of local improvements, as required by section 84 of the local improvement act, and an application for judgment of sale made before such certificate of cost is filed cannot be maintained. In that case it was said the provision of section 84 requiring the cost of the improvement to be certified in writing to the court in which said assessment was confirmed was mandatory, and we see no reason why the holding should not be the same with reference to the provision of that section which requires the certificate to state whether or not the improvement conforms substantially to the requirements of the original ordinance, and a hearing had thereon, before the improvement bonds should be issued to pay for the improvement.

We are therefore of the opinion the city was not required, at the time the petition for *mandamus* was filed, by reason of the failure of the board of local improvements to comply with said section 84 as amended, to issue said bonds to the appellant.

It is urged, however, that section 84 of the Local Improvement act, as amended in 1903, is unconstitutional and void, and that section 83 is still in force in all its terms, and that the appellant was not bound to show in his petition a compliance with the provisions of said section 84 as amended, as a condition precedent to the legal duty of said city to issue to him said improvement bonds. This case comes here

through the Appellate Court. The Appellate Court did not have the power to determine the question of the constitutionality of said section as amended, and by coming to this court through that court and by assigning errors in that court which it did have jurisdiction to hear and determine, the appellant waived his right to raise in this court the constitutionality of said section 84 as amended. The question of the constitutionality of said section as amended is not therefore here presented for decision. *Indiana Millers' Mutual Fire Ins. Co.* v. *People,* 170 Ill. 474; *Robson* v. *Doyle,* 191 id. 566.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.