THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer,

*v.*

CHARLES McMAHON.

*Opinion filed December 22, 1906.*

SPECIAL ASSESSMENTS—*what constitutes a compliance with section 84 of Improvement act in case of flat assessment.* If an assessment is payable in one payment, and not in installments, the certificate of the board of local improvements made under section 84 of the Local Improvement act need not state that the completed improvement substantially conforms to the ordinance, nor is any public hearing required; and if the certificate shows the actual cost is less than the total amount assessed, the court should enter a rebate order, and no notice to property owners is necessary.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

WILLIAM J. DONLIN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1906, of the county court of Cook county the county collector made application for judgment and order of sale against appellee's property for a delinquent special assessment to pay the cost of a vitrified tile-pipe sewer in Waveland avenue, in the city of Chicago. Appellee entered a special appearance and questioned the jurisdiction of the court both as to his person and the subject matter of the suit. One objection was the failure of the board of local improvements to comply with section 84 of the Local Improvement act, in that the certificate of that board filed in the county court did not contain a statement that the improvement as constructed conformed substantially to the ordinance; also that no notice was given to the property owners of the application for the rebate order. The objection that the certificate did not contain a statement that the improvement conformed substantially to the ordinance was overruled, but the court held that the rebate order was void because no notice had been given to the property owners interested.

The record shows that the first voucher was dated October 3, 1905, and the certificate of this fact was filed by the board of local improvements in the county court on October 11, 1905. On December 8, 1905, the board of local improvements filed its certificate, under section 84, that the original assessment was for $1005 and the actual cost of the work was $971.49, and an order was entered rebating the assessment *pro rata* accordingly. It is claimed that this order is void because it was entered without notice to the property owners, and hence the court had no jurisdiction either as to the subject matter or the person of appellee.

Section 84 of the Local Improvement act (Hurd's Stat. 1905, p. 425,) provides that within thirty days after the final completion of the work the board of local improvements shall cause the cost thereof to be certified, in writing, to the

court, together with an amount estimated by the board to
be required to pay the accruing interest on bonds or vouchers
issued to anticipate the collection, and thereupon, if the total
amount assessed for said improvement exceeds the cost of
the same, all of said excess shall be abated and the judg-
ment reduced proportionately. It further provides that in
every assessment proceeding in which the assessment shall
be divided into installments it shall also be the duty of the
board of local improvements to state in said certificate filed
in the county court whether or not said improvement con-
forms substantially to the requirements of the original ordi-
nance, and make application to the court to consider and
determine whether or not the facts stated in said certificate
are true, and thereupon it shall be the duty of the court to
fix a time and place for a hearing upon the said petition and
enter the same of record, the time of hearing to be not less
than fifteen days after the filing of such certificate and appli-
cation. It also provides for the giving of notice to the per-
sons interested and for a hearing at the time set by the court.
It will be observed that by this section a distinction is made
between assessments which are payable in one payment and
those payable in two or more installments. If the assess-
ment is payable in installments, then the certificate of the
board of local improvements must not only state the amount
of the actual cost, but also that the improvement has been
completed in substantial compliance with the ordinance,
whereupon a public hearing shall be had. When the assess-
ment, however, is payable in a single payment there is no
requirement in that section that the improvement shall be
in compliance with the ordinance, nor is it necessary that
there should be a public hearing. The record in this case
shows that the improvement was to be paid for in one pay-
ment, and therefore when the statement of the cost and the
date of the issue of the first voucher was filed in the county
court it was the duty of the court to enter the rebate order
without notice to appellee. This being a statutory proceed-

ing, it was sufficient that the board of local improvements should comply with the statute.

Our attention is called to *Case* v. *City of Sullivan*, 222 Ill. 56, *People* v. *Cohen*, 219 id. 200, and *Gage* v. *People*, id. 634, which are said to sustain the decision of the county court. In the first two of these cases the assessments were payable in installments, and in the latter all but one were payable in installments, and as to the one payable in a single payment the board of local improvements failed to file any certificate whatever in the county court, as required by section 84. None of the cases bear upon the question involved in this case.

The county court erred in sustaining appellee's objections, and its judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.  *Reversed and remanded.*