THE TOWN OF SCOTT *et al.* Appellees, *vs.* HIRAM ARTMAN *et al.* Appellants.

*Opinion filed December 15, 1908.*

1. PLEADING—*when the objection that a suit should have been brought in the name of the People is waived.* An objection that a *mandamus* suit brought in the names of certain towns by the highway commissioners against the highway commissioners of another town should have been brought in the name of the People is waived where the defendants answered to the merits without raising the objection.

2. SAME—*an objection that highway commissioners are not authorized to sue in name of town should be raised before answer.* An objection that highway commissioners are not authorized to bring a *mandamus* suit in the name of the town should be raised by motion before answer, and is waived by answering to the merits after a demurrer to the petition is overruled.

3. SAME—*when a demurrer cannot be carried back to petition.* Where a demurrer to a replication in a *mandamus* proceeding is carried back, on motion of the petitioner, to the defendants' answer, the demurrer cannot be carried back to the petition if the defendants have already had the judgment of the court on demurrer to the petition and there has been no change in the petition.

4. SAME—*court need not carry back demurrer if not asked to do so.* Where a demurrer to a replication in a *mandamus* proceeding is carried back to the answer upon motion of the petitioners, it is not error for the court to fail to carry the demurrer back to the petition where it was not asked to do so.

5. SAME—*when plea that term of office has expired is not good.* In a *mandamus* proceeding against highway commissioners to compel them to perform a duty resting upon the defendants as a body, without regard to the individuals, a plea by one defendant setting up that his term of office has expired and another person has been elected his successor is not good.

6. APPEALS AND ERRORS—*order striking answer from files presumed correct in absence of bill of exceptions.* An order striking an answer from the files will be presumed, on appeal, to have been based upon sufficient grounds, where neither the answer, the motion to strike, the ruling of the court nor an exception to the ruling is preserved by a bill of exceptions.

7. SAME—*when appeal to the Appellate Court waives question whether road was legally laid out.* The question of the existence or non-existence of a public highway involves a freehold, and if an appeal in a case involving such question is taken to the Appellate Court and submitted for decision upon errors assigned which that court might lawfully consider, the question of the existence of the highway is waived and cannot be raised in Supreme Court.

8. SAME—*extent to which Supreme Court may review judgment of Appellate Court.* The Supreme Court can review a judgment of the Appellate Court only as to the errors which were properly assigned in that court and upon which that court had jurisdiction to pass.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

HERRICK & HERRICK, and REED & REED, for appellants.

RAY & DOBBINS, and A. C. EDIE, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 17, 1906, the commissioners of highways of the towns of Scott and Mahomet, in Champaign county, and of the town of Sangamon, in Piatt county, acting as a joint board under the Road and Bridge law, made and signed a final order laying out and establishing a public

highway along the boundary line between said towns, which was also the county line, all of the commissioners being present and signing the order. The order recited at length the petition for the road and the successive steps for laying out the same, and it was filed within five days, together with the report of the surveyor, petition, releases, agreements or assessments in respect to damages, in accordance with the statute. On September 29, 1906, said joint board of highway commissioners of the three towns at a meeting divided the expense and damage accruing from the establishment of the road, allotting one-third to each town. This agreement was reduced to writing and signed by all the commissioners except the appellant Hiram Artman, one of the commissioners of the town of Sangamon, who refused to sign it. The commissioners also entered into an agreement allotting to each of the towns the part of the road which each should open and keep in repair, and this agreement was also signed by all the commissioners except Artman. On October 20, 1906, at a meeting of the joint board, when all were present, a resolution was adopted that each town should issue orders, payable to the land owners, to the amount of their portion of the damages assessed and agreed on, payable out of the tax to be levied and collected for that purpose, when collected. Orders were drawn, which the commissioners of the towns of Scott and Mahomet, and J. C. Furnish, one of the commissioners of the town of Sangamon, were ready and willing to sign, but Artman and A. J. Pike, the other commissioners of the town of Sangamon, refused to join in drawing orders or to take any steps toward laying out the highway or paying any part of the damages. On January 30, 1907, the commissioners of highways of the towns of Scott and Mahomet, and J. C. Furnish, one of the commissioners of the town of Sangamon, filed their petition against Artman and Pike, as commissioners of highways of the town of Sangamon, praying for a writ of *mandamus* commanding them to join

with J. C. Furnish, the other commissioner, in paying the portion of that town of the damages out of any funds on hand applicable to that purpose, and in case there were not sufficient funds on hand, then to draw orders on their treasurer, payable only out of the tax to be levied for such highway when the moneys should be collected and received, and to proceed with all lawful diligence to do all acts and things necessary and lawful to be done for the opening of the road. Furnish afterward withdrew from the suit and his name was stricken out of the petition. The defendants Artman and Pike first demurred to the petition as amended, and their demurrer being overruled, they answered, denying every allegation of the petition and each step set forth in the petition and the order signed by them for the laying out of the highway, and admitting that they refused to draw any order or participate in opening the highway. Pike afterward filed a plea setting up that his term of office had expired and that the appellant Harry Clark was his successor. Clark was made a party and filed an answer, which was stricken from the files. The petitioners filed a replication to the answer, which was demurred to, and the petitioners moved to carry the demurrer back to all of the answer except certain paragraphs. The court sustained the motion, carried the demurrer back and sustained it to the portions of the answer referred to in the motion. The petitioners demurred to the plea of Pike, and the court sustained the demurrer and Pike stood by his plea. There was a trial before the court without a jury, resulting in a finding of the issues in favor of the petitioners. The court awarded a peremptory writ of *mandamus* against Artman and Clark, commanding them to join with Furnish in paying one-third of the damages for the laying out of the road if they had the funds on hand for that purpose, and if they had not sufficient funds on hand, that they draw orders on their treasurer payable out of the tax to be levied for the road, and that they proceed to do all things necessary and

lawful for the speedy opening of the road. The defendants, as commissioners of highways, prayed for and were allowed an appeal to the Appellate Court for the Third District, and that court affirmed the judgment. This further appeal was prosecuted from the judgment of the Appellate Court.

The order laying out the road was signed by all the commissioners of the three towns, and the resolutions dividing the expense and damage equally between the three towns and allotting the parts of the road which each town should open and keep in repair were signed by all commissioners except the defendant Artman, one of the commissioners of the town of Sangamon. Afterward, Artman and another commissioner of the town of Sangamon, the defendant Pike, became refractory and refused to comply with the law by paying the proportion of damages allotted to their town and opening the road. When they were brought into court to answer the petition for a writ of *mandamus* they had no meritorious defense, and their plan of action was to throw every possible obstacle in the way and to offer every available excuse for their refusal to perform their duty. They say now that the suit should have been brought in a different manner.

The petition was in the name of the town of Scott, in the county of Champaign, by certain named persons as commissioners of highways, and the town of Mahomet, in said county, by certain other persons as commissioners of highways, against the defendants as commissioners of highways of the town of Sangamon, and it is insisted that the judgment should be reversed because the suit should have been brought in the name of the People, on the relation of the parties having a right to the writ. If the defendants were not satisfied with the manner in which the right to compel the performance of their duty was being enforced they ought not to have answered to the merits. The parties having the substantial rights were petitioners, and the ob-

jection that the People were not made the nominal plaintiff was waived.

Another objection of the same character is, that the commissioners of highways were not authorized to sue in the names of their respective towns. There is nothing in the record raising any question of that kind which should have been raised by motion before answering. Defendants demurred to the amended petition, but when their demurrer was overruled they did not stand by it, but answered, and the objections now made were thereby waived.

The defendants' demurrer to the replication was carried back to the answer, and it is insisted that it ought to have been carried back to the petition because the suit was not in the name of the People and for want of authority to sue in the names of the towns. The petitioners moved to carry the demurrer back to the answer but there was no motion of the defendants to carry it back to the petition, and the court did not err in failing to do what it was not asked to do. Moreover, it could not be so carried back, if there had been any merit in the points made, for the reason that the defendants had already had the judgment of the court on demurrer to the amended petition, and there had been no change in the petition in respect to the questions raised. *City of Chicago* v. *People,* 210 Ill. 84.

The court sustained a demurrer to the plea of Pike alleging that his term of office had expired and that Clark had been elected his successor, and Pike stood by his plea. The court did not err in sustaining the demurrer. The suit was against the defendants as commissioners of highways, and it made no difference what changes occurred in the membership of the board. The duty to open the road did not rest upon particular persons, but on the commissioners as a body, without regard to the individuals. *Sheaff* v. *People,* 87 Ill. 189.

Clark was summoned as a defendant and filed a separate answer, which was stricken from the files, and the rec-

ord kept by the clerk says that Clark excepted to the order. Neither the answer, nor the ruling of the court, nor any exception thereto, was preserved in a bill of exceptions, and there is nothing in the record showing for what cause the answer was stricken from the files. Without a bill of exceptions the motion to strike the answer from the files and the decision do not become a part of the record, and it is conclusively presumed that the court had sufficient cause to justify its action. *Barger* v. *Hobbs*, 67 Ill. 592; *Fanning* v. *Russell*, 81 id. 398; *Gaynor* v. *Hibernia Savings Bank*, 166 id. 577.

The only offered defense on the merits was that the road was not legally laid out because of supposed irregularities. The decision of the circuit court was against the claims of the defendants, and they appealed to the Appellate Court. Upon the further appeal to this court the burden of the argument is that the road did not become a legal highway. But all questions of that character were waived by the appeal to the Appellate Court. A public highway is a perpetual easement, and the question of its existence or non-existence involves a freehold. The Appellate Court has no jurisdiction to review a decree where the question to be determined is whether a highway has been legally laid out or not. (*Taylor* v. *Pierce*, 174 Ill. 9.) This court can review the decision of the Appellate Court only as to errors which were properly assigned in that court and upon which the court had jurisdiction to pass. Appealing to the Appellate Court and submitting the case for decision upon errors which that court might lawfully consider is a waiver or abandonment of any assignment of error, which that court could not pass upon and which can be reviewed only by this court on a direct appeal. (*Indiana Millers' Fire Ins. Co.* v. *People*, 170 Ill. 474; *Robson* v. *Doyle*, 191 id. 566; *Case* v. *City of Sullivan*, 222 id. 56; *Poe* v. *Ulrey*, 233 id. 56.) This consideration eliminates most of the argument and leaves out of view the question of the capacity of the

defendants to dispute the facts set out in the order signed by them laying out the road or to question the validity of their own acts.  They gave no valid reason for refusing to comply with the statute or to carry out the orders and resolutions in which they took part.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*