(No. 10745.—Decree affirmed.)
EDWIN S. SWIGART, Appellant, *vs.* THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF MAHOMET *et al.* Appellees.

*Opinion filed February 21, 1917.*

HIGHWAYS—*a bill to enjoin commissioners of highways from opening public road must be brought in county where the land is situated.* A bill to enjoin commissioners of highways from opening a public road and thereby trespassing on complainant's land, although a suit *in personam,* affects real estate within the meaning of section 3 of the Chancery act, and such proceeding must be brought in the county where the land is situated.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

HERRICK & HERRICK, for appellant.

DOBBINS & DOBBINS, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant filed a bill for an injunction July 6, 1912, in the circuit court of Champaign county, to restrain the commissioners of highways of the towns of Mahomet and Scott in Champaign county and of Sangamon in Piatt county from opening up a public road and trespassing on his land.

The record discloses that appellant is the owner of the northeast quarter of the southeast quarter of section 36, town 20, north, range 6, east of the third principal meridian, in Piatt county, by virtue of a warranty deed to him executed April 10, 1912, by Rosella Craig, then owner. The

road in question is described as beginning at the north end of a road between section 24 in Sangamon township and section 19 in Scott township, and running thence northerly for a distance of four and one-half miles to the south end of a road between section 25 in Sangamon township and section 30 in Mahomet township, being forty feet in width and extending twenty feet on each side of the county line between the counties of Champaign and Piatt and across the east twenty feet of appellant's said tract. Three petitions identical in form, one to each of said boards of highway commissioners, were presented on February 10, 1906. The final order for laying out the road was filed in the three towns September 17, 1906. Certificates were filed before a justice of the peace in each county for the condemnation of such lands for the right of way as could not be had by agreement. The damages were assessed by a jury and a justice of the peace for said strip taken off the east side of appellant's tract and for a strip off of another tract and for damage to lands not taken. On appeal to the circuit court of Piatt county final judgment was entered at the September term, 1906, in the sum of $245 for both strips taken and for damages to lands not taken, and in favor of Rosella Craig, owner of both strips. When the suit now before us was begun all the right of way had been acquired and paid for except said strip, the total amount so paid amounting to $3354.49. The said sum of $245 was in the hands of appellees, to be paid to appellant and the owner of the other tract, also previously sold by Mrs. Craig, when the owners should agree on a division of said sum between them, and in their answer to this bill appellees offered to pay into court for appellant such portion thereof as should be determined by the court to be due him. The record also shows that appellees were delayed and prevented from opening up the road and paying said sum of $245 to Mrs. Craig while she owned said lands, by continuous litigation concerning the road. Two suits concerning said road, one a

*mandamus* proceeding to compel two of the highway commissioners to perform their official duties in regard to the road and the other an injunction suit similar to the instant case, were prosecuted to final judgment in this court. We refer to those cases for further details in the history of this road, to-wit, *Town of Scott* v. *Artman*, 237 Ill. 394, and *Caldwell* v. *Highway Comrs.* 249 id. 366.

The bill in this case, among other things, charges that the proceedings for laying out the road are void because the petitions presented to the highway commissioners did not properly describe the road, and because the commissioners failed to comply with various requirements of the Road law leading up to the final order for laying out and opening up the road. Those proceedings, which appellant claims are fatally defective, are set forth in the bill in great detail. It is also charged in the bill that the certificate filed for condemning the land of appellant to be taken did not describe it; that the verdicts of the juries in said condemnation proceedings do not describe his land sought to be taken; that for these and various other reasons named the condemnation proceedings are absolutely void, and that there is no proper judgment in condemnation and that his damages have not been paid; that more than five years have elapsed since the laying out of the road, etc. It is then averred in the bill that all of his said land is inclosed by fences and his land is in use for agricultural and farming purposes; that he has notified said commissioners not to enter upon his land to lay out or open up said pretended road; that nevertheless they threaten to open up appellant's fences and enter on his land and prepare and grade a public highway across the same and expose it to the public, so that it will be trespassed and tramped upon by many persons and by stock and his crops be thus destroyed, etc., and without warrant of law. It prays that all of said road proceedings be decreed to be null and void and that said commissioners and their successors be perpetually enjoined from

committing said acts of trespass and from taking any steps towards the opening up of said road or any part thereof.

In their answer appellees make specific denials and averments, which, in effect, if true, show that all of the proceedings of the said commissioners in regard to said road, including the petition and the condemnation proceedings concerning the same, are regular and valid. They further answer that they have done all that was in their power to do to lay out and open up said road within the time required by law but have been prevented by continuous litigation from the time the final order was entered by them until the filing of this bill, and deny that the circuit court of Champaign county has jurisdiction of this cause because of the fact that the land of complainant is in Piatt county. Evidence was heard before the master and reported to the court without findings thereon, upon which evidence the court dismissed the bill.

It is urged by appellees upon this appeal that the decree of the circuit court dismissing the bill was proper because the court had no jurisdiction of the cause for the reason that it affected real estate situated in another county no part of which was situated in Champaign county. As this contention will have to be sustained it is not proper for us to discuss the merits of this suit upon the other grounds argued in the briefs as the circuit court was without jurisdiction and therefore this court has no jurisdiction to pass upon those contentions.

Section 3 of the Chancery act, among other things, provides: "Suits in chancery shall be commenced in the county where the defendants, or some one or more of them resides; * * * or if the suit may affect real estate, in the county where the same or some part thereof is situated." This suit is a suit *in personam* and not a suit *in rem,*—*i. e.,* the effect of the suit will be primarily upon the persons enjoined, and such suits may be brought ordinarily in the

county where the defendants, or some one or more of them, reside. This is not true, however, where real estate entirely situated in another county is affected, within the meaning of said section. The court is expressly asked in complainant's bill to restrain appellees from opening up and removing his fences, from plowing up and making a road across his land, and from committing various other acts of trespass therein named. This is apparently the main intention of prosecuting this suit and will necessarily be the principal part of the relief granted if the bill is sustained on its merits. The alleged unlawful and threatened taking and trespassing upon his lands are the only grounds set forth in appellant's bill that give him any right to maintain this suit. It is not possible for any other land owner across whose land this road runs to maintain such a suit on the grounds alleged, as they have all been paid their damages for the lands taken and for lands not taken. It cannot be said that this suit may not affect real estate within the meaning of said section. It was held in *Munger* v. *Crowe,* 219 Ill. 12, that the meaning of the word "affect," as used in the statute, is to act upon, and that if the court, to grant the relief sought, must deal directly with the real estate itself the suit is one "which may affect real estate." In that suit the same character of relief was sought as in this case,—*i. e.,* to restrain certain individuals in a suit in the superior court of Cook county from removing the west wing of the court house at Sycamore, in DeKalb county, from its then site to other grounds under a pretended contract which was alleged to be void.

As the circuit court was without jurisdiction the decree will be affirmed.                          *Decree affirmed.*