(No. 21562.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK LEROY LAWSON *et al.*—(HENRY FRITZINGER, Plaintiff in Error.)

*Opinion filed February 23, 1933.*

GEORGE W. SPRENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, R. O. HANSON, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The facts in this case as stated substantially in the brief of the plaintiff in error are as follows: Frank LeRoy Lawson was indicted in the circuit court of LaSalle county, jointly with Sam Wade, on the charge of robbery while armed with a deadly weapon. They were tried at the March term, 1925, were convicted and sentenced to imprisonment in the penitentiary at Joliet. They sued out a writ of error, which was made a *supersedeas* upon their giving bail fixed at $20,000. Lawson gave bail in this amount with Henry Fritzinger and others as sureties. The judgment was affirmed and a rehearing denied at the October term, 1928,

of this court. Lawson failed to comply with the conditions of his recognizance but made default at the October term of the circuit court, and the sureties also made default. A *scire facias* was issued, returnable to the January term, 1929, and was returned by the sheriff that defendants were not found. The defendants by their counsel entered a special and limited appearance and. made a motion to dismiss the *scire facias* and quash the return, alleging that the court had no jurisdiction of the subject matter for the reason that the bail bond was taken by and made to the warden of the penitentiary, and therefore the circuit court of LaSalle county had no jurisdiction of the subject matter. This motion was overruled, the defendants were defaulted, and a judgment was entered awarding execution for the amount of the recognizance. Thereupon a writ of error was sued out of the Appellate Court, which affirmed the judgment. A petition for a writ of *certiorari* was presented to the Supreme Court and denied. After the denial of the writ of *certiorari* a motion was made by Fritzinger on April 13, 1931, to vacate the judgment entered at the January term, 1929, and set aside the forfeiture, offering to pay the costs and showing that Lawson had been apprehended and was then imprisoned and serving his sentence in the Joliet penitentiary. The reason alleged for the motion was that the judgment was void because the statute under which the recognizance was given was unconstitutional and deprived the defendant of his property without due process of law. The present writ of error was then sued out to the June term, 1932, and the errors assigned are, that the circuit court erred because the statute under which the *supersedeas* bond was given is unconstitutional for the reason that it is in violation of the State and Federal constitutions and deprives the plaintiff in error of his property without due process of law, and that the court erred in not vacating the judgment of forfeiture, for the reason that prior to the hearing of the motion for that purpose the principal, Law-

son, had been surrendered to the custody of the warden of the penitentiary.

This cause must be transferred to the Appellate Court. Such constitutional objections, if any, as were made or might have been made to the judgment of the circuit court in the proceedings for the forfeiture of the recognizance were waived by the plaintiff in error when he sued out a writ of error from the Appellate Court to review the judgment rendered at the June term, 1929. The Practice act requires all cases in which a constitutional question is involved to be taken on error or appeal to the Supreme Court, and if it be taken to the Appellate Court and errors are assigned of which that court has jurisdiction, the party taking the appeal or suing out the writ of error is held to have waived the constitutional questions. (*Indiana Millers' Mutual Fire Ins. Co.* v. *People,* 170 Ill. 474; *Robson* v. *Doyle,* 191 id. 566; *Case* v. *City of Sullivan,* 222 id. 56; *Poe* v. *Ulrey,* 233 id. 56; *Gillespie* v. *Fulton Oil and Gas Co.* 236 id. 188; *Haas Electric Co.* v. *Springfield Amusement Park Co.* id. 452; *Town of Scott* v. *Artman,* 237 id. 394; *Vermilion Special Drainage District* v. *Shockey,* 238 id. 237; *City of Edwardsville* v. *Central Union Telephone Co.* 309 id. 482; *Central Union Telephone Co.* v. *City of Edwardsville,* 269 U. S. 190.) The question of the constitutionality of the statute under which the recognizance was given was involved in the judgment of the January term, 1929, and could have been raised upon a writ of error from or an appeal to this court but under the authorities cited was waived by prosecuting the writ of error to the Appellate Court. The present writ of error brings before us only the judgment at the March term, 1931, denying the motion to vacate the judgment of the January term, 1929, and not the latter judgment. The doctrine of *res judicata* applies to this writ of error. That doctrine applies to all questions of fact or law which might have been presented and decided in the former suit, whether they

were in fact presented or not, including constitutional as well as all other questions. *Godschalck v. Weber,* 247 Ill. 269; *Starck Piano Co. v. Stark,* 276 id. 413; *People v. Wade,* (*ante,* p. 484.)

The only other contention made by plaintiff in error by his motion was that the circuit court should vacate that judgment because of the fact that the principal in the bail bond, prior to the time of the hearing of that motion and prior to any sale of property in connection with the judgment of January 22, 1929, had died. We express no opinion on the merits of this latter contention of plaintiff in error, as this court has no jurisdiction to consider and pass on that question.

The cause is therefore transferred to the Appellate Court for the Second District. *Cause transferred.*