The People of the State of Illinois, Defendant in Error, v. Frank LeRoy Lawson and Henry Fritzinger, Plaintiffs in Error.

Gen. No. 8,651.

Opinion filed September 20, 1933. Rehearing denied November 9, 1933.

GEORGE W. SPRENGER, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, J. J. NEIGER, Assistant Attorney General, and R. O. HANSON, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This case was transferred from the Supreme Court of this State to this court. The facts are fully set

forth in the Supreme Court opinion, in volume 351 Ill. 507, which is as follows:

"The facts in this case as stated substantially in the brief of the plaintiff in error are as follows: Frank LeRoy Lawson was indicted in the circuit court of LaSalle county, jointly with Sam Wade, on the charge of robbery while armed with a deadly weapon. They were tried at the March term, 1925, were convicted and sentenced to imprisonment in the penitentiary at Joliet. They sued out a writ of error, which was made a supersedeas upon their giving bail fixed at $20,000. Lawson gave bail in this amount with Henry Fritzinger and others as sureties. The judgment was affirmed and a rehearing denied at the October term, 1928, of this court. Lawson failed to comply with the conditions of his recognizance but made default at the October term of the circuit court, and the sureties also made default. A scire facias was issued, returnable to the January term, 1929, and was returned by the sheriff that defendants were not found. The defendants by their counsel entered a special and limited appearance and made a motion to dismiss the scire facias and quash the return, alleging that the court had no jurisdiction of the subject matter for the reason that the bail bond was taken by and made to the warden of the penitentiary, and therefore the circuit court of LaSalle county had no jurisdiction of the subject matter. This motion was overruled, the defendants were defaulted, and a judgment was entered awarding execution for the amount of the recognizance. Thereupon a writ of error was sued out of the Appellate Court, which affirmed the judgment. A petition for a writ of certiorari was presented to the Supreme Court and denied. After the denial of the writ of certiorari a motion was made by Fritzinger on April 13, 1931, to vacate the judgment entered at the January term, 1929, and set aside the forfeiture, offering to pay the

costs and showing that Lawson had been apprehended and was then imprisoned and serving his sentence in the Joliet penitentiary. The reason alleged for the motion was that the judgment was void because the statute under which the recognizance was given was unconstitutional and deprived the defendant of his property without due process of law. The present writ of error was then sued out to the June term, 1932, and the errors assigned are, that the circuit court erred because the statute under which the supersedeas bond was given is unconstitutional for the reason that it is in violation of the State and Federal constitutions and deprives the plaintiff in error of his property without due process of law, and that the court erred in not vacating the judgment of forfeiture, for the reason that prior to the hearing of the motion for that purpose the principal, Lawson, had been surrendered to the custody of the warden of the penitentiary.

"This cause must be transferred to the Appellate Court. Such constitutional objections, if any, as were made or might have been made to the judgment of the circuit court in the proceedings for the forfeiture of the recognizance were waived by the plaintiff in error when he sued out a writ of error from the Appellate Court to review the judgment rendered at the June term, 1929. The Practice act requires all cases in which a constitutional question is involved to be taken on error or appeal to the Supreme Court, and if it be taken to the Appellate Court and errors are assigned of which that court has jurisdiction, the party taking the appeal or suing out the writ of error is held to have waived the constitutional questions. (Citation of authorities omitted.) The question of the constitutionality of the statute under which the recognizance was given was involved in the judgment of the January term, 1929, and could have been raised upon a writ of error from or an appeal to this court but under the au-

thorities cited was waived by prosecuting the writ of error to the Appellate Court. The present writ of error brings before us only the judgment at the March term, 1931, denying the motion to vacate the judgment of the January term, 1929, and not the latter judgment. The doctrine of *res adjudicata* applies to this writ of error. That doctrine applies to all questions of fact or law which might have been presented and decided in the former suit, whether they were in fact presented or not, including constitutional as well as all other questions. (Citations omitted.)

"The only other contention made by plaintiff in error by his motion was that the circuit court should vacate that judgment because of the fact that the principal in the bail bond, prior to the time of the hearing of that motion and prior to any sale of property in connection with the judgment of January 22, 1929, had died. (Had surrendered to the warden of the penitentiary.) We express no opinion on the merits of this latter contention of plaintiff in error, as this court has no jurisdiction to consider and pass on that question.

"The cause is therefore transferred to the Appellate Court for the Second District."

The only question for this court to decide is, Did the trial court abuse its discretion by not setting aside and in refusing to vacate the judgment because of the fact that the principal in the bail bond had surrendered to the warden of the penitentiary and at the time of the hearing was serving his sentence in that institution? In the case of *Hangsleben v. People,* 89 Ill. 164, it was held that a surety in a recognizance may be discharged upon the payment of costs on surrendering their principal at any time before default upon the bond or recognizance. The surrender must be made before the judgment of forfeiture is entered, unless it is prevented by an act of God. A plea that the surety in the

recognizance surrendered their principal after their forfeiture thereof and before the issuing of the scire facias thereon is bad on demurrer.

The record in this case does not disclose that the plaintiff in error made any effort to apprehend Lawson, either before or after the judgment was entered in this case. The setting aside of the defaults in this case was a matter within the sound discretion of the trial court, and unless it is properly shown that discretion has been abused, this court should not disturb the ruling of the lower court. *Gallagher v. People,* 91 Ill. 590.

We are of the opinion that the trial court did not abuse its discretion in refusing to set aside and vacate the judgment and the judgment of the circuit court of LaSalle county is hereby affirmed.

*Judgment affirmed.*