(No. 22958.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TERRY TERRILL, Plaintiff in Error.

*Opinion filed June 14, 1935—Rehearing denied December 4, 1935.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Terry Terrill was found guilty in the criminal court of Cook county of receiving stolen property of the value of $14.50 and was sentenced to one year in the house of correction and to pay a fine of $100 and costs. He sued out a writ of error from the Appellate Court for the First District, and there the judgment was affirmed and a petition for rehearing denied. By this writ of error he seeks a review of the judgment of the Appellate Court, alleging it to be void as it does not find him guilty of any crime known to the laws of Illinois, and that he thereby has been deprived of his liberty without due process of law.

This court is obviously without jurisdiction to consider any constitutional questions in this proceeding. The Practice act requires that all cases in which constitutional questions are raised must be taken directly to the Supreme Court on error or appeal. We have repeatedly held that if such a case is taken to the Appellate Court and errors are assigned of which that court has jurisdiction, the party taking the appeal or suing out the writ of error is held to have waived the constitutional questions. (*Indiana Millers' Mutual Fire Ins. Co.* v. *People,* 170 Ill. 474; *Robson* v. *Doyle,* 191 id. 566; *Case* v. *City of Sullivan,* 222 id. 56; *Poe* v. *Ulrey,* 233 id. 56; *Gillespie* v. *Fulton Oil and Gas Co.* 236 id. 188; *Haas Electric Co.* v. *Springfield Amusement Park Co.* id. 452; *Town of Scott* v. *Artman,* 237 id. 394; *Vermilion Special Drainage District* v. *Shockey,* 238

id. 237; *People* v. *Lawson,* 351 id. 507.) By choosing to go to the Appellate Court for a review of his case and there have his non-constitutional questions decided, Terrill has waived the right to bring the case to this court for a consideration of a constitutional question. *Central Union Telephone Co.* v. *City of Edwardsville,* 269 U. S. 194, 70 L. ed. 231.

The record here presents no question as to Terrill's guilt or innocence, nor was such question before the Appellate Court. In fact, the record brought here fails to include any testimony by which Terrill was convicted. The only question before the Appellate Court, and the only question here presented, is that the trial court erred in not defining what was meant by "receiving stolen property." The defendant was charged with receiving stolen property knowing the same to have been stolen. He was in possession of stolen property, and we must indulge in the presumption that there was evidence which justified the trial court in finding him guilty of the crime charged against him. While the finding of the trial court was informal, its meaning, under any reasonable construction, was plain enough. The Appellate Court therefore did not err in refusing to set aside the conviction and judgment, where from the whole record the words used had a clear and unmistakable meaning. *People* v. *Patrick,* 277 Ill. 210; *People* v. *Williams,* 334 id. 241.

The judgment is affirmed. *Judgment affirmed.*

Mr. JUSTICE WILSON took no part in this decision.