S. E. GROSS *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*when matters raised by objections on application for sale are res judicata.* Judgments of the Supreme Court sustaining the action of the county court in overruling objections to application for judgment of sale for the first, second and third installments of a special assessment are *res judicata,* in subsequent applications on other installments, as to all questions raised and determined in the former proceedings, or which were involved under the issues and might properly have been raised.

2. SAME—*section 66 of act of 1897 is applicable to proceedings had after act took effect.* Section 66 of the act of 1897, specifying what objections may be insisted upon on application for judgment of sale for the first and subsequent installments of a special assessment, is applicable to proceedings for the collection of delinquent installments brought after the act of 1897 went into effect.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

ROBERTS, ROBERTS & OWENS, and TAYLOR & MARTIN, for appellants.

ROBERT N. HOLT, (WILSON, MOORE & MCILVAINE, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered against appellants' land by the county court of Cook county for the non-payment of the fifth installment

of a special assessment which had been made and confirmed in 1895 to pay the cost of a connected system of sewers and drains put in and along the streets of the village of Grossdale. The substance of the objections filed to the rendition of judgment was, first, that the improvement made was not the one contemplated by the ordinance but varied greatly therefrom,—that is, that the sewers were laid on lines different from those specified in the ordinance, and at different depths, and in streets not provided for in the ordinance, and that the size of the pipes was changed and enlarged; second, that there is a large excess of the assessment, which should be refunded ratably,—which excess was caused by putting in sewers not provided for in the ordinance, and by illegal expenditures for expenses in securing the confirmation of the assessment, in expert and other witness fees, attorney's fees, etc.

As against the right of the objectors to insist on the matters contained in the first objection in this application for judgment, appellee contended below, and contends here, that the matters complained of are *res judicata*, and that the objectors are estopped by judgment from litigating said matters in this case.

We are of the opinion that the county court did not err in overruling the objections nor in rendering judgment. The improvement was a large one, covering nearly the whole of the village, and cost nearly $100,000. It was made in 1895. These appellants appeared in court in each of the years 1896, 1897 and 1898, and filed objections to the application for judgment, respectively, for the first, second and third installments, and afterward appealed to this court from the judgment of the county court overruling such objections and entering order of sale. *Walker* v. *People*, 170 Ill. 410; *Gross* v. *People*, 172 id. 571; *Walker* v. *People*, 169 id. 473; *Gross* v. *People*, id. 635. See, also, *Gross* v. *Village of Grossdale*, 176 Ill. 572,—a writ of error to reverse the judgment of confirmation.

Section 66 of the act of 1897, (Hurd's Stat. 1899, p. 376,) concerning local improvements, provides: "Upon the application for judgment of sale upon such assessment, or matured installments thereof, or the interest thereon, or the interest accrued on installments not yet matured, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for. When such application is made for judgment of sale on an installment only, of an assessment payable by installments, all questions affecting the jurisdiction of the court to enter the judgment of confirmation shall be raised and determined on the first of such applications. On application for judgment of sale on any subsequent installment, no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard. And the voluntary payment by the owner or his agent, of any installment, of any assessment, levied on any lot, block, tract or parcel of land, shall be deemed and held in law to be an assent to the confirmation of the assessment roll, and be held to release and waive any and all right of such owner to enter objections to the application for judgment of sale and order for sale."

Some of these applications for judgment and orders of sale were made after the act of 1897 took effect and became applicable to proceedings for their collection, and we need only inquire whether these objectors can, on this application, file objections which could have been adjudicated in any one of the former adjudications where they appeared and objected to judgment. We are of the opinion they cannot, but that they are estopped by the former judgments and are expressly precluded by the statute. Every question embraced in their first objection

filed in this case could have been raised in the former proceedings. They were fully known to them at that time. The mere fact that they did not include in their former objections the matter now complained of is immaterial, inasmuch as they might have done so had they seen proper. The questions that are *res judicata* are not confined to those raised and insisted on at the former adjudication, but they embrace also those which were involved in the issue and might have been properly insisted on. (*Bailey v. Bailey*, 115 Ill. 551; *Warren* v. *Cook*, 116 id. 199; 21 Am. & Eng. Ency. of Law, 216.) It would be intolerable practice to permit the property owner, at every application of the collector for judgment for a delinquent installment, to make and litigate objections which should have been made and litigated at the confirmation, or when objections were filed to application for judgment of sale on prior installments. It is no hardship for the objector to bring forward all of his objections at once which pertain to the whole assessment. He cannot be heard by piecemeal. Filing the objections which appellants did on former trials was a tacit admission that there were no other objections. *Neff* v. *Smyth*, 111 Ill. 100. See, also, *Louisville, New Albany and Chicago Railway Co.* v. *Carson*, 169 Ill. 247; *Warren* v. *Cook*, 116 id. 199; *Litch* v. *Clinch*, 136 id. 410; *Kelly* v. *Donlin*, 70 id. 378.

Nor does *Young* v. *People*, 171 Ill. 299, sustain appellants' position in this case, as they contend. The act of 1897 is applicable to proceedings for the collection of delinquent installments taken after said act went into effect.

The second objection is untenable, because it is not made to appear that the indebtedness, which in this case consisted of outstanding bonds, against said fifth installment had been paid, or enough thereof collected with which to pay it.

No error was committed, and the judgment will be affirmed.            *Judgment affirmed.*