HENRY H. GAGE*

v.

THE PEOPLE ex rel. John J. Hanberg, County Treasurer.

*Opinion filed February 21, 1906.*

1. SPECIAL ASSESSMENTS—*extent to which section 42 of Local Improvement act applies to all assessments.* Section 42 of the Local Improvement act, in so far as it fixes the time when the clerk shall issue the warrant to the collector, applies to all assessments, whether payable in installments or in one payment.

2. SAME—*assessment not delinquent until section 84 of Local Improvement act has been complied with.* A special assessment is not delinquent until after the certificate of the cost and final completion of the work has been filed, as required by section 84 of the Local Improvement act, and an application for judgment of sale made before such section is complied with cannot be maintained.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1905, of the county court of Cook county the county collector made application for judgments and orders of sale against appellant's property for delinquent special assessments, as follows: On warrant No. 30,469, for a delinquent sidewalk assessment on South Ridgeway avenue; on warrant No. 30,512, for the third installment for the sewer in Addison street; and on warrant No. 25,773, for the fourth and fifth installments for paving Fortieth avenue, all in the city of Chicago. To these applications objec-

*Consolidated case, being Nos. 4504, 4509 and 4513.

tions were filed by the appellant that sections 42, 61 and 84 of the Local Improvement act had not been complied with. These objections were in each case overruled and judgments and orders of sale entered. On appeal to this court the cases have been consolidated and considered as No. 4509.

The petition for the assessment on warrant No. 30,469 was filed January 11, 1901. The date of the first voucher was June 30, 1903, but the certificate of this fact was not filed until December 14, 1903, and no certificate of the cost of the improvement was filed until after the date of the hearing upon the application for judgment and order of sale, but on August 3, 1905, appellee was permitted to file a certificate which showed the amount of the original assessment to be $6661.93 and the total cost of the work to be but $3560.12, for which latter amount the revised assessment was confirmed. The petition on warrant No. 25,773 was filed March 12, 1900, and the work was completed May 21, 1901. The date of the first voucher was February 19, 1901. The certificate of the completion of the work was not filed until August 3, 1905, after the application for judgment and order of sale, and it showed the original assessment to be $148,000 and the total cost of the work to be but $129,772.57. The petition for the assessment on warrant No. 30,512 was filed on May 11, 1901, and the work was completed December 31, 1902. The first voucher was issued May 16, 1902, and the certificate of that fact filed in the county court on February 6, 1903. At the time of the hearing of the application for judgment and order of sale no certificate of the cost of the work had been filed in the county court, but on August 3, 1905, appellee was permitted, over the objection of appellant, to file such certificate showing the original assessment to be $69,015.63 and the total cost $74,929.95, showing a deficiency of $5914.32.

Section 42 of the Local Improvement act (Hurd's Stat. 1903, p. 400,) provides that the first installment shall be due on the second day of January next after the date of the first

voucher, and the board of local improvements shall file in the office of the clerk of the court in which the assessment was confirmed, a certificate of the date of the first voucher, and the amount thereof, within thirty days after the date of issue, and all interest shall run from the date of the first voucher. Section 61 provides that within thirty days after the filing of the report of the amount and date of the first voucher, as provided in section 42, the clerk shall certify the assessment roll to the municipal collector, together with the warrant for the collection of the assessment. Section 63 provides that the collector shall give thirty days' notice of the assessment being due. Section 65 provides that on or before April 1 in each year the municipal collector shall make report to the general officer of the county authorized to apply for judgment on delinquent assessments due, and such officer shall make application for judgment and order of sale. Section 84 provides that within thirty days after the final certificate and acceptance of the work the board of local improvements shall cause the cost thereof to be certified to the court, and if the total amount assessed exceeds the cost, such assessment shall be abated and the judgment reduced proportionately. Upon the filing of this report the court shall give notice of the hearing as to the truth of the allegation of the petition.

Counsel for appellee seem to contend that these are what they call "flat assessments,"—that is, assessments payable not in installments,—and therefore section 42 has no application to the case. This statement is not supported by the record either on warrant No. 30,512, which was for the third installment for the sewer, or on warrant No. 25,773, which was for the fourth and fifth installments for paving Fortieth avenue. The other case seems to have been a flat assessment. As to the assessments payable in installments, section 42 fixes the date from which the installments are to draw interest, and also the date when the clerk shall issue the warrant to the collector, as required in section 61. This latter object we think applicable to all assessments. The section

was not complied with as to either object, but there being nothing in this record to show that appellant was charged interest on any of the installments or to show from what date interest began to run, he was not injured by the failure to comply with the former provisions, and the only effect of the omission to comply with the section would be to postpone the time within which he was required to pay the assessments, which is not shown to have resulted in any injury to him.

The more serious question arising in each of the consolidated cases is the failure to comply with the requirements of section 84, which we regard as of substantial importance to the tax-payer. By its provisions he is given an opportunity, before he pays an assessment, to have the court pass upon the cost of the improvement, so that if the cost is less than the assessment he may have the benefit of the rebate and only be required to pay his share of the actual cost of the work. He is thereby relieved from the payment of a larger sum than the actual cost of the improvement, and compelled to await the pleasure of the municipal authorities to rebate to him the excess. The requirements of section 84 were not complied with until after the application for judgment, and upon the hearing the court permitted the report therein provided for to be made. In two of the assessments, as above shown, there were substantial reductions, and the appellant was entitled to the benefit of the same. The section requires the reports to be made within thirty days after the completion of the work, and, taking all of the foregoing sections together, it was evidently the intention of the legislature that the rebates should be made before the tax-payer was required to pay assessments. Where the assessment is payable in installments, the first falls due January 2 after the date of the first voucher, and it must be delinquent on April 1 following, in order that the municipal collector can legally report that fact to the county collector.

Inasmuch, therefore, as the requirements of section 84 had not been complied with when the application for judg-

ment and order of sale was made at the June term, 1905, 'the appellant was not in default and the assessments were not properly treated as delinquent, he having had no opportunity or notice to pay amounts for which he was actually liable. Section 84 is mandatory, the language being, "the intent and meaning hereof being that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work and of the interest that may accrue thereon." No excuse is offered for the failure of the appellee to comply with this section of the statute, and in each case there was ample time, after the completion of the work, to file the required report, so that appellant could have had an opportunity to pay that for which he was liable before the filing of the application for judgment.

The objection that section 84 had not been complied with should have been sustained. Appellant should be given until January 2, 1906, to pay these assessments, and no application for judgment can be legally made until after that date.

The judgment of the county court will be reversed and the cause will be remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*