THE PEOPLE *ex rel.* Fred E. Ames, County Collector, Appellee, *vs.* CHARLES L. RAYMOND *et al.* Appellants.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

SPECIAL ASSESSMENTS—*effect of voluntary payment of, or judgment of sale for, one installment.* Voluntary payment of one installment of a special assessment or the rendition of judgment and order of sale upon one installment precludes the property owner from questioning the validity of the subsequent installments upon grounds he might have urged against the former installment.

APPEAL from the County Court of Lake county; the Hon. DEWITT L. JONES, Judge, presiding.

GEORGE W. WILBUR, for appellants.

DAVID H. JACKSON, for appellee.

Per CURIAM: This was an application in the county court of Lake county for judgment and order of sale to satisfy the fifth, sixth and seventh installments of a special assessment levied upon lots 304 and 305, in the city of Lake Forest, to pay for paving certain streets in said city. The appellants appeared and filed objections to judgment and order of sale, which were overruled and judgment and or-

der of sale were entered, and an appeal has been prosecuted to this court.

The objections were, that the contract under which the improvement was put in was void for the following reasons: (1) The contract was made prior to the confirmation of the assessment; (2) the contract price was increased from $11,459.25 to $14,500 without a re-advertisement and a re-letting; and (3) the contract contained a provision fixing the rate to be paid laborers and teams, and provided that the labor should be performed by persons who were residents of the city of Lake Forest.

It appears that the first, second and third installments of the assessment were voluntarily paid and that objections were filed against judgment and order of sale upon the fourth installment, which were overruled, and after judgment and order of sale were entered the fourth installment was paid. The objection urged against judgment and order of sale on the fifth, sixth and seventh installments of the assessment could have been urged against judgment and order of sale upon the fourth installment, and the first, second and third installments were voluntarily paid. The law is well settled in this State that the voluntary payment of one installment of a special assessment, or the rendition of judgment upon one installment of a special assessment, precludes the property owner from questioning the validity of the subsequent installments of the assessment. Section 66 of the Local Improvement act and the following adjudications are decisive of this case: *Gross* v. *People,* 193 Ill. 260; *Downey* v. *People,* 205 id. 230; *McDonald* v. *People,* 206 id. 624.

The judgment of the county court will be affirmed.

*Judgment affirmed.*