THE PEOPLE *ex rel.* Frank J. Knight, County Collector, Appellee, *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Appellant.

*Opinion filed December 17, 1913—Rehearing denied Feb. 4, 1914.*

1. SPECIAL ASSESSMENTS—*denial of a motion to set aside judgment of sale is a final order.* The denial of a motion to set aside a judgment and order of sale for delinquent installments of a special assessment and for leave to file objections is a final, appealable order.

2. SAME—*section 66 of Local Improvement act is not invalid.* Section 66 of the Local Improvement act, which requires all questions concerning the jurisdiction of the court to confirm the assessment and the validity of the proceedings to be raised upon the first application for judgment of sale for delinquent installments of the assessment, and which limits the defenses that may be made upon subsequent applications, is not invalid as in violation of the due process of law provision of the constitution.

3. SAME—*effect of general appearance after objections under special appearance are overruled.* Where objections going to the jurisdiction of the person of the property owner, and urged under a special appearance on an application for judgment and order of sale are overruled, and the property owner then appears generally and objects to the entry of the judgment of sale on the merits, the objections to the jurisdiction of the person are waived.

APPEAL from the County Court of DuPage county; the Hon. CHARLES D. CLARK, Judge, presiding.

GEORGE A. MASON, and WILLIAM J. DONLIN, for appellant.

AUBREY B. SNOW, (EDGAR B. TOLMAN, ROBERT RED-FIELD, and HENRY P. CHANDLER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of DuPage county overruling objections of appellant and ordering the sale of its land for the third, fourth and fifth delinquent installments of·a special assessment for paving Maple avenue, in the village of Downer's Grove, in said county.

The record shows that the first and second installments of this assessment were returned delinquent in 1909, and, no objections having been filed, judgment and order of sale were entered. After the rendition of that judgment appellant, moved to set it aside and for leave to file objections. This motion was denied and exception taken. This was a final and appealable order. (*City of Park Ridge v. Murphy*, 258 Ill. 365.) The property was subsequently sold under said judgment and the certificate of sale purchased by appellant. That judgment of sale is still in force.

Section 66 of the Local Improvement act provides, among other things, that when application is made for judgment of sale on an installment of an assessment payable in installments, "all questions affecting the jurisdiction of the court to enter the judgment of confirmation and the validity of the proceedings shall be raised and determined on the first of such applications. On application for judgment of sale on any subsequent installment, no defense, except as to the legality of the pending proceeding, the

amount to be paid, or actual payment, shall be made or heard."

Appellant contends that the original judgment of confirmation in this special assessment proceeding is invalid because the affidavit of mailing notice was not in conformity with the statute; that the certificate of publishing the notices and the affidavit of posting notices were insufficient. Counsel for appellee contend that all of these objections were waived by not being raised on the previous application for judgment on the first and second delinquent installments. The appellant concedes that under the literal wording of section 66 these objections were waived, but insists that such wording shutting out the defense of want of jurisdiction of the person in the confirmation judgment, or even limiting it to the first installment of special assessments, is to deprive the person of his property without due process of law. Appellant's contention on this point would render absolutely nugatory the provisions of section 66 heretofore quoted. The validity of the provisions of said section has frequently been upheld by this court. (*Gross v. People,* 193 Ill. 260; *Downey v. People,* 205 id. 230; *McDonald v. People,* 206 id. 624; *People v. Raymond,* 248 id. 124.) The objections urged here by appellant as to the hardship or unreasonableness of this section have been fully answered in those decisions. It is no hardship or injustice for an objector to bring forward at one time all his objections which pertain to any given assessment. It would be intolerable to permit him to urge his objections by piecemeal, in separate suits involving the same subject matter. Due process of law does not mean that a person shall have special notice of every step that is taken in any given proceeding before the court can proceed, or that the same notices or character of notices shall be given in every lawsuit. "Due process of law in each particular case means such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such

safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." (Cooley's Const. Lim.—7th ed.—506; *Klafter* v. *Examiners of Architects,* 259 Ill. 15.) Under the provisions of section 66 of the Local Improvement act all persons in special assessment proceedings are governed by the same rules as to jurisdiction of person and notice.

Appellant further contends that even though this section be valid, this court has held in *People* v. *Owens,* 231 Ill. 311, that if the original confirmation proceedings are absolutely void and a nullity, the mere fact of having paid previous installments of an assessment, either voluntarily or through process of the court, does not estop the property owner from objecting to the later installments. In that case the property objected for was assessed in the original confirmation under a description by which it could not be identified or located. Even if a judgment of sale were entered in such a case it would be impossible to enforce it. Conceding, for the purposes of this case, that the objections urged by appellants to the original confirmation in this special assessment proceeding would have been valid if raised at the proper time, the most that can be said of them is that they rendered the judgment of confirmation erroneous and not void. Those objections all affected the jurisdiction of the persons of the owners of the property in question. Not having raised any of these questions on the application for judgment of sale for the first and second installments, none of them affecting the jurisdiction of the court to enter the judgment of confirmation can be urged, under the statute, as a defense to any subsequent installment.

For the reasons already stated appellant is also bound by or has waived in the same manner any defects now urged in the affidavit of posting notice on application for

the order approving the certificate of completion of the work under section 84 of the Local Improvement act, and also in the village collector's notice required by section 63 of said act.

Appellant further insists that the publication notice of the application for judgment and sale on these delinquent installments was not in compliance with the statute, as it failed to show the years in which the installments were payable and the names of the owners of the property. Such objections as to the defects in the publication notice must be raised by a special appearance. They were originally so raised in the trial court. That special appearance was overruled. Appellant admits that thereupon it appeared generally and objected to the entering of a judgment of sale, interposing objections relating not alone to the jurisdiction of the court because of such faulty publication notice, but also objections asking the court to refuse the application because of the alleged defects in the prior proceedings,—that is, asking the court to take jurisdiction in the application for the judgment of sale proceedings but insisting that it refuse application because of certain objections to the merits. An appearance for any other purpose than to question the jurisdiction of the court waived the objection as to the jurisdiction. *People* v. *Smythe, 232 Ill. 242; Ladies of Maccabees* v. *Harrington, 227* id. 511; *Waite* v. *People, 228* id. 173.

Many other questions have been argued in the briefs, but what we have already said indicates clearly that such questions cannot be raised on this record.

The judgment of the county court must be affirmed.

*Judgment affirmed.*