THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellee, vs. JACOB L. KESNER, Appellant.

*Opinion filed April 20, 1927.*

SPECIAL ASSESSMENTS—*when collection of installment of assessment may be enforced before work is completed.* Under the provisions of sections 61 and 84 of the Local Improvement act a property owner who has paid some installments of his assessment is ultimately protected against being compelled to pay more than his proportionate share of the cost of the work, and where the improvement is extensive and some installments are due before the work is completed the collection of said installments may be enforced before final completion of the work has been certified to the court and approved, as provided in section 84, but where the improvement has been completed it must be certified to the court and an adjudication had before the assessment is delinquent.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

HAROLD G. SPERLING, and D'ANCONA & PFLAUM, for appellant.

ROBERT E. CROWE, State's Attorney, W. W. DEARMOND, and ELMER J. SCHNACKENBERG, for appellee.

FRANCIS X. BUSCH, Corporation Counsel, (JOSEPH J. THOMPSON, of counsel,) for the City of Chicago, *amicus curiæ.*

Mr. JUSTICE FARMER delivered the opinion of the court:

The county collector of Cook county made application at the September term, 1926, of the county court for judgment and order of sale against appellant's property, based upon the non-payment of the third installment of a special assessment levied against the property for paving and otherwise improving South Park avenue. Appellant filed objections to the application, setting up, among other things, that no certificate of the completion of the improvement had

been filed and no adjudication had relative thereto, as provided by section 84 of the Local Improvement act. Upon a hearing the objections were overruled and the county court entered judgment and order of sale against the property. From that judgment an appeal has been prosecuted to this court by the property owner.

Upon the hearing of the objections the following facts were stipulated by counsel for the parties: The South Park Commissioners levied a special assessment against certain real property of appellant for paving and otherwise improving South Park avenue, in the city of Chicago. The real estate affected and owned by appellant was properly described. The assessment was divided into and made payable in ten equal annual installments and appeared upon the assessment roll filed by the South Park Commissioners in connection with the improvement. The tax, judgment, sale, redemption and forfeiture record of the county collector for the year 1925 contained a list of the alleged delinquent real estate belonging to appellant with the amount alleged to be due on each lot, and the advertisement and notice by the collector of application for judgment and order of sale of said property on account of appellant's failure to pay the third installment of the special assessment were properly published. The assessment against the property had been confirmed in the circuit court of Cook county, and at the time of the entry of judgment and order of sale in the county court against appellant's property the board of local improvements had not certified in writing to the circuit court the cost of the improvement or that the improvement conformed substantially to the requirements of the original ordinance for the construction thereof. It was further stipulated that at the time of entry of judgment and order of sale the improvement for which the special assessments were levied had not been finally completed.

The only question discussed in the briefs of appellant and appellee is, Where the assessment is divided into install-

ments can the collection of an installment be enforced by a judgment and order of sale before the final completion of the work has been certified to the court and approved?

Before the amendment to section 84 of the Local Improvement act in 1903 the authority and power to approve and accept the work as having been done in substantial compliance with the ordinance was vested in the board of local improvements and the city. By section 84 as amended the board of local improvements is required to cause the cost of the improvement to be certified to the court in which the assessment was confirmed, within thirty days after the final completion and acceptance of the work. The court, after notice and opportunity to the parties interested to object and be heard before the approval of the certificate of the board of local improvements, shall determine the same in a summary manner, according to the facts. It was stipulated in this case that the work had not been completed when application for judgment and order of sale was made for the collection of the third installment.

Section 84 has been repeatedly considered by this court but the particular question here presented has not been before considered. Some of the previous cases are *Gage* v. *People*, 219 Ill. 634; *Case* v. *City of Sullivan*, 222 id. 56; *People* v. *Conway*, 253 id. 140; *People* v. *Conway*, 261 id. 26; *Price* v. *Board of Local Improvements*, 266 id. 299. In some of those cases it was said that an assessment was not delinquent until after the certificate of cost of the improvement had been filed by the board of local improvements in the court where the assessment was confirmed, as required by section 84, and an application for judgment and sale before the filing of such certificate could not be maintained. In some of the cases it was said the amendment to section 84 was adopted principally to prevent a local improvement not constructed in substantial accordance with the improvement ordinance being foisted on the property owners by the action of the board of local improvements,

"and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner could be required to pay his assessment or the city to issue improvement bonds in payment thereof." The language quoted is from *Case* v. *City of Sullivan, supra.* In none of the cases above cited was the question presented of an improvement requiring a considerable period of time to complete and installments of the assessment coming due before the work was completed. In none of them was any question raised about the work not having been completed. The question was whether the certificate required by section 84 had been made by the board of local improvements to the court. Here there is no question that the certificate has never been made in this case, because at the time of the hearing and judgment the work had not been completed, although the judgment was for the third installment of the assessment. An improvement of an extensive character may, and often does, require a considerable time to complete, and during its construction assessments fall due. If the same rule is to be applied in a case of that character as we have applied to cases where the work had been completed then the judgment in this case is incorrect.

By section 42 of the Local Improvement act, where a special assessment is divided into installments, the first installment is due and payable on the second day of January next after the date of the first voucher issued on account of work done, the second installment one year thereafter, and so on until all installments are paid. Section 61 provides that within thirty days after filing the report of the amount and date of the first voucher issued on account of work done, as provided in section 42, the clerk of the court in which the judgment is rendered shall certify the assessment roll and judgment to the officer of the city authorized to collect special assessments, and where there has been an

appeal or writ of error on any part of the judgment he
shall certify such part of the judgment as is not included
in such appeal or writ of error, and such certification shall
be filed by the officer receiving the same, in his office.
With the roll and judgment the clerk shall issue a warrant
for the collection of the assessment. The court is given
power to recall such warrant as to all or any part of the
property affected, at any time before payment or sale, in
case the proceeding be abandoned by the petitioner or the
judgment vacated or modified, "and in case said assessment
roll has been abated and the judgment reduced in accord-
ance with the provisions of section 84 of this act, the clerk
of said court shall, within thirty days thereafter, certify the
said order of reduction or the said roll as so reduced or
re-cast under the directions of the court, to said officer so
authorized to collect such special assessment, and shall is-
sue a warrant for the collection of such assessment as so
reduced or re-cast." Section 84 as amended provides that
within thirty days after the final completion and acceptance
of the work the board of local improvements shall cause
the cost to be certified in writing to the court in which the
assessment was confirmed, together with an amount esti-
mated by the board to be required to pay accrued interest
on bonds or vouchers, and if the total amount assessed
against property for the improvement exceeds the cost, the
excess shall be abated and the judgment proportionately re-
duced. Private property owners shall be credited *pro rata*
upon the respective assessments for such amounts under
the direction of the court, and in case the assessment is col-
lectible in installments, the reduction shall be made so that
all the installments shall be equal in amount, except that
all fractional amounts shall be added to the first install-
ment. If prior to the entry of the order abating and re-
ducing the assessment the same has been certified for col-
lection pursuant to section 61, and any installments of the
assessment so certified for collection have become due and

325—19

payable, the reduction and abatement shall be made *pro rata* upon the other installments. Where the assessment is divided into installments it is made the duty of the board of local improvements to state in its certificate whether the improvement conforms substantially to the requirements of the original ordinance, and it is to make an application to the court to consider and determine whether or not the facts stated in its certificate are true. The court is required to fix a time and place for hearing upon the petition, give notice of the hearing of the application for confirmation of the assessment, and shall hear any objections which may be filed within the time fixed by the court's order. The certificate of the board of local improvements is made *prima facie* evidence that the matters and things stated in it are true, but if any part thereof is controverted by objections filed, the court shall hear and determine the same in a summary manner and enter an order according to the facts. No appeal or writ of error lies from the order. If the court finds against the allegations of the certificate it is required to enter an order accordingly, and it is made the duty of the board of local improvements to procure the completion of the improvement in substantial accordance with the ordinance, and the board may from time to time file additional or supplemental applications or petitions until the court is satisfied that the improvement is constructed in substantial accordance with the ordinance. If bonds have been issued to the contractor before the entry of such order, to apply on the contract price, such contractor or then owner or holder of such bonds shall be entitled to receive new bonds in lieu thereof.

The question of enforcing payment of an installment of an assessment for an improvement which was in course of construction but not yet completed was not involved in any of the cases above cited, and what the court said in deciding them was correct as applied to the facts and questions raised.

For the sake of clarity we recapitulate. By section 42 of the Local Improvement act, where a special assessment is divided into installments the first installment is due and payable the second day of January next after the date of the first voucher issued on account of work done, the second installment one year thereafter, and so on until all installments are paid. Section 61 provides that within thirty days after filing the report of the amount and date of the first voucher issued on account of work done, as provided in section 42, the clerk of the court in which the judgment is rendered shall certify the assessment roll and judgment to the officer of the city authorized to collect special assessments, and where there has been an appeal or writ of error taken on any part of the judgment he shall certify such part of the judgment as is not included in such appeal or writ of error, and the certification shall be filed by the officer receiving the same, in his office. With the roll and judgment the clerk shall issue a warrant for the collection of the assessment. The court is given power to recall such warrant as to all or any part of the property affected, at any time before payment or sale, and in case the proceeding be abandoned by the petitioner or the judgment vacated or modified, and in case the assessment roll has been abated and the judgment reduced in accordance with the provisions of section 84 of the act, the clerk shall, within thirty days, certify the order of reduction or the roll as reduced and re-cast to the officer authorized to collect the special assessment and shall issue a warrant for its collection as reduced or re-cast. Section 84 as amended provides that within thirty days after the completion and acceptance of the work the board of local improvements shall cause the cost of the improvement, together with engineering fees and any accrued interest on bonds or vouchers issued, to be certified in writing to the court in which the assessment was confirmed, and if the total amount assessed exceeds the total cost such assessment shall be abated and the judg-

ment reduced proportionately and property owners credited *pro rata* upon their respective assessments under the direc-·tion of the court, and in case the assessment is collectible in installments, the reduction shall be so made that all installments shall be equal in amount, except that all fractional amounts shall be added to the first installment, so as to leave the remaining installments, in the aggregate, equal in amount. If prior to the entry of the order abating and reducing the assessment the same has been certified for collection pursuant to the provisions of section 61, and any of the installments so certified for collection have become due and payable, the reduction and abatement shall be· made *pro rata* upon the other installments.

Section 84 makes it the duty of the board of local improvements, where the assessment is divided into installments, to state in its certificate whether or not the improvement conforms substantially to the requirements of the ordinance and to make application to the court to consider and determine whether the facts stated in the certificate are true. The time shall be fixed by the court for a hearing and public notice given when the court will proceed to hear the petition and any objections filed thereto. The court is required to determine in a summary manner and enter an order according to its finding, which shall be conclusive. If the court finds against the allegations of the certificate it shall enter an order accordingly, and it shall then be the duty of the board of local improvements to procure the completion of the improvement in substantial accordance with the ordinance, and the board is allowed, from time to time, to file additional or supplemental applications or petitions. If the certificate shall have been issued before the entry of the order by the court upon the certificate, and there shall have been issued to the contractor any bonds to apply upon the contract price, the contractor or owner of the bonds shall be entitled to receive in lieu thereof new bonds of equivalent amount. Section 61 confers

power on the court in which the judgment of confirmation was rendered to recall warrants as to property affected, at any time before the payment or sale, "in case said assessment roll has been abated and the judgment reduced in accordance with the provisions of section 84 of this act." The clerk of the court shall, within thirty days, certify the order of reduction or the roll as reduced or re-cast to the officer authorized to collect such special assessment. Section 84 provides that if, before the order abating and reducing the assessment, it has been certified for collection "pursuant to section 61 of this act," and any of the installments of the assessment so certified have become due and payable, the reduction and abatement shall be made *pro rata* upon the other installments, "the intent and meaning hereof being that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work and of the interest that may accrue thereon."

Appellant says the certificate of completion, and the adjudication of the court thereon, cannot be made until the improvement has been completed; that the provisions of section 84 must be complied with before an installment of the assessment becomes delinquent, and that property owners may refuse to pay an installment, and no judgment and order of sale can be rendered, until the board of local improvements has made the certificate to the court provided for by section 84 and it has been passed upon by the court. If payment of an installment of an assessment can only be enforced after the improvement has been completed, the board of local improvements has made the necessary certificate and the court has exercised the powers granted by section 84 on a hearing, it is obvious there would be difficulty in making extensive improvements which require a long period of time to complete and installments become due before completion, as a contractor would naturally not be willing to do the work for a reasonable price and wait

until its final completion and approval by the court before receiving any pay. The legislature declared that the meaning and intent of the act are that no property owner shall be required to pay a greater amount than his proportionate share of the cost of the work. If that result can be accomplished and payment of an installment or installments of an assessment enforced before the improvement is completed and certified to the court under section 84 it would seem the object of the legislature would be accomplished. In our opinion the purpose of the legislature as declared in the act may be accomplished where the assessment is divided into installments and the work requires a period of years to complete. Section 61 authorizes the court to abate the assessment roll and reduce the judgment in accordance with the provisions of section 84, and the action of the court is required to be certified to the officer authorized to collect the assessments and a warrant issued for its collection as reduced and re-cast. Section 84 provides that if, before the order abating or reducing the assessment is entered, the assessment has been certified for collection pursuant to section 61, and if the installments have become due and payable, the reduction and abatement referred to shall be made *pro rata* upon the other installments.

We are of opinion if the property owner is compelled to pay some installments of the assessment falling due before the final completion of the improvement can be certified by the board of local improvements and adjudicated upon by the court, provision is made that if the final cost of the improvement is adjudged to be less than the assessment the court may reduce and prorate the amount "upon the other installments." The phrase just quoted from section 84, and other phrases in the act, appear to contemplate that some of the installments may have been collected before the completion of the work. It seems probable that where the completion of the improvement must extend over so long a time that an installment or installments become

due before completion, and if no installment of the assessment can be collected until the final completion of the improvement, that condition would seriously affect letting contracts for the work. The meaning of the statute as declared by the legislature was the protection of the property owner against paying more than his proportionate share of the cost of the work. If provisions are made in the statute to produce that result, notwithstanding maturing installments of an assessment for an improvement requiring an extended period of time to complete are paid, it would seem to us contrary to the intention of the legislature to construe the act to mean that no installment of an assessment for any improvement could be collected until the final completion of the improvement. Both the city and the property owner have rights which the statute intended to protect. It seems to us it would be a serious obstacle to making improvements by special assessment where the work requires an extended period of time to complete, if no installment to pay for the work could be collected until the completion of the improvement, while, on the other hand, no injury or injustice is done the property owner if he is required to pay installments as the work progresses but is ultimately protected against being compelled to pay more than his proportionate share of the cost of the work. We desire to make it plain that this applies only to cases where the work on the improvement cannot be completed for an extended period and an installment becomes due before completion. When the improvement has been completed it must be certified to the court by the board of local improvements and an adjudication had by the court before the assessment is delinquent. The reason for this is so obvious as not to require discussion.

In our opinion the objections were properly overruled, and the judgment of the county court is affirmed.

*Judgment affirmed.*