(No. 21734.—

THE PEOPLE *ex rel.* H. C. Montgomery, County Collector, Appellant, *vs.* C. M. MAYNARD, Appellee.

*Opinion filed April 22, 1933.*

OSCAR E. CARLSTROM, Attorney General, and JOHN A. McKEENE, State's Attorney, for appellant.

A. B. JOHNSON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

At the September term, 1932, of the county court of Scott county the county collector of that county made application for judgment against and order of sale of the property of C. M. Maynard, appellee, for the third installment of a special assessment for paving levied by the city of Winchester. An objection filed by appellee was sustained and the application of the collector denied. This is an appeal by the collector from that judgment.

The improvement for which the special assessment in question was levied was completed on or about December 13, 1929. The assessment against appellee's property was divided into ten installments. The first installment, which became due January 2, 1930, was voluntarily paid by appellee. The second installment, which became due Janu-

ary 2, 1931, was not paid by appellee. To the application of the collector at the June term, 1931, for judgment against appellee's property for that installment no objections were filed by appellee and judgment against and·order of sale of the property was entered. The property was offered for sale and forfeited for want of a bidder. To the application of the collector in this case for judgment against the property for the third installment the objection of appellee was that no certificate of the cost and completion of the improvement, as provided for by section 84 of the Local Improvement act, had been filed by the board of local improvements. It was stipulated that no such certificate had been filed, and that after the completion of the improvement the board of local improvements of the city accepted the work as constructed and directed the payment therefor to the contractor.

The question presented for decision is whether or not appellee, by voluntarily paying the first installment of the assessment and suffering judgment against his property to be entered without objection on application of the collector for non-payment of the second installment, is barred by the provisions of section 66 of the Local Improvement act from interposing as an objection to the application of the collector for judgment against his property for the third installment of the assessment, the failure of the board of local improvements to file a certificate of cost and completion, as provided for by section 84 of the act.

Section 66 of the Local Improvement act provides that the report of the city collector to the county collector of delinquent special assessments or installments thereof shall be *prima facie* evidence that said assessments or installments are due and unpaid, and that upon application for judgment and sale against the property for such assessments or installments no defense or objection thereto may be made or heard which might have been interposed in the proceeding for making the assessment or to the application for

confirmation of the same. Said section further provides: "When such application is made for judgment of sale on an installment only of an assessment payable by installments, all questions affecting the jurisdiction of the court to enter the judgment of confirmation and the validity of the proceedings shall be raised and determined on the first of such applications. On application for judgment of sale on any subsequent installment, no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard. And it shall be no defense to the application for judgment on any assessment or any installment thereof that the work done under any ordinance for an improvement does not conform to the requirements of such ordinance, if it shall appear that the said work has been accepted by or under the direction of the board of local improvements. And the voluntary payment by the owner or his agent, of any installment, of any assessment, levied on any lot, block, tract or parcel of land, shall be deemed and held in law to be an assent to the confirmation of the assessment roll, and to be held to release and waive any and all right of such owner to enter objections to the application for judgment of sale and order for sale."

The application of the provisions of section 66 of the act has been considered by this court and the validity thereof sustained in several cases. In *Gross* v. *People*, 193 Ill. 260, the provisions of that section as originally enacted in 1897 were held applicable where the objections were that the improvement made was not the one contemplated by the ordinance and that there was a large excess of the assessment that should be refunded ratably. Those objections were interposed to the application for judgment for the fifth installment of the assessment. Objectors had previously filed objections to the application for judgment for the first, second and third installments. In *Downey* v. *People*, 205 Ill. 230, where most of the objectors had paid the first two

installments of a special assessment, two objectors had paid the first installment and one objector had filed objections to the application for judgment for the first and second installments and his objections had been overruled, it was held that the provisions of said section as amended in 1901 and as it now reads, operated to prevent the objectors from raising, on the application for judgment for the third installment, objections that the improvement as constructed was different from the one provided for by the ordinance, and that the ordinance providing for the improvement was void where it appeared that the improvement had been accepted by the board of local improvements. In *McDonald* v. *People,* 206 Ill. 624, where the objector had paid the first installment of a special assessment, it was held that the provisions of section 66 prevented him from interposing to an application for judgment for the fourth installment, objections that the resolution of the board of local improvements did not contain an itemized estimate of the cost of the improvement and that the ordinance providing for the improvement was void. In *People* v. *Raymond,* 248 Ill. 124, it was held that the provisions of section 66 prevented the raising of an objection that the contract under which the improvement was constructed was void on the application for judgment for the fifth, sixth and seventh installments of a special assessment, where the objectors had voluntarily paid the first three installments and had filed objections to the application for judgment for the fourth installment, which were overruled. In *People* v. *Chicago Title and Trust Co.* 261 Ill. 392, where no objections had been filed to the application for judgment for the first two installments of a special assessment and judgment of sale had been entered therefor, the objector moved to set that judgment aside and excepted when the motion was denied and the property was sold on said judgment, it was held that the objector could not, because of the provisions of section 66, raise the question of defective notice of

the proceedings for confirmation of the assessment on the application of the collector for judgment of sale of the objector's property for the third, fourth and fifth installments of the assessment.

It is to be noted that in none of the foregoing cases was the precise question presented in this case raised or decided and that in none of the opinions in those cases is any reference made to the provisions of section 84 of the act. It should be further noted that the improvement in *Gross* v. *People, supra,* was constructed prior to the amendment of section 84 of the act in 1903, by which the power to finally determine whether a local improvement had been constructed substantially in accordance with the improvement ordinance and to accept the improvement so as to bind the city and the property owners was taken away from the board of local improvements and conferred upon the court. It does not appear from the opinion when the improvement in *Downey* v. *People, supra,* was authorized or constructed, but from the fact that the opinion in that case was filed at the October, 1903, term of this court, we conclude that the 1903 amendment of section 84 had no application to the improvement in that case.

Since the amendment of section 84 of the act in 1903, that section, although several times subsequently amended, has always provided that the power to determine whether an improvement constructed by special assessment payable in installments conforms substantially to the requirements of the improvement ordinance is in the court in which the assessment was confirmed. In *Gage* v. *People,* 219 Ill. 634, it was held that the provisions of that section requiring the board of local improvements, in cases where the assessment is payable in installments, to file in the court where the assessment was confirmed the certificate provided for by that section, were mandatory, and that an installment of a special assessment could not be considered delinquent until the provisions of that section had been complied with.

It should be noted that as to two of the assessments involved in that case the application of the collector was for judgment for the third, fourth and fifth installments, respectively, but it does not appear from the opinion that prior installments had been paid and no reference is made to the provisions of section 66 of the act. The holding in that case was approved in *Case* v. *City of Sullivan,* 222 Ill. 56, and *People* v. *Conway,* 253 id. 140. In *People* v. *Kesner,* 325 Ill. 285 it is held that where the work of constructing an improvement requires an extended period of time for completion and an installment of the assessment falls due before the work on the improvement can be completed, the fact that the certificate provided for by section 84 of the act has not been filed is not a valid objection to the application for judgment for such installment. This court in that case said: "We desire to make it plain that this applies only to cases where the work on the improvement cannot be completed for an extended period and an installment becomes due before completion. When the improvement has been completed it must be certified to the court by the board of local improvements and an adjudication had by the court before the assessment is delinquent. The reason for this is so obvious as not to require discussion."

The provision of section 66 of the act that on the application for judgment no objection shall be made or heard which might have been interposed in the proceedings for the making of the assessment or the application for the confirmation thereof, clearly has no application to this case because the objection made by appellee is not of that nature. It is equally clear that the provision that all questions affecting the jurisdiction of the court to enter the judgment of confirmation and "the validity of the proceedings" shall be raised on the application for judgment for the first installment of the assessment can have no application in the instant case. The phrase "the validity of

the proceedings" means the validity of the proceedings for the making and confirmation of the assessment. The provision that on application for judgment for any installment subsequent to the first installment, "no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard," can not be held to bar appellee's right to make the objection of the failure of the board of local improvements to comply with section 84, for the reason that in the proceedings under section 84 the amount of the installments to be paid may be ordered ratably reduced in case the cost of the improvement and necessary incidental expenses is less than the original assessment, and such an objection may therefore be said to relate to the amount to be paid. The next provision of section 66, that it shall be no defense that the work done under any ordinance for an improvement does not conform to the requirements of such ordinance if it shall appear that the work has been accepted by the board of local improvements, does not bar the objection made by appellee in this case. (*People* v. *Conway, supra.*) Section 66 also provides that the voluntary payment of any installment of an assessment shall be held to be an assent to the confirmation of the assessment roll and "to release and waive any and all right of such owner to enter objections to the application for judgment of sale and order for sale." While the language quoted might appear to be broad enough to bar any objection being made to an application for sale of his property for an installment of an assessment after the owner has voluntarily paid one or more installments of an assessment, we hold it should not be construed to bar the objection made by appellee in this case even though he has paid the first installment of the assessment voluntarily. We are of that opinion because section 66 as it now reads was last amended in 1901, prior to the amendment of section 84 in 1903. The objection made in this case is one that could not have been made

prior to the 1903 amendment of section 84 and is such an objection as could not have been in the mind of the legislature when section 66 was last amended in 1901. This court stated in *Case* v. *City of Sullivan, supra,* that the amendment of section 84 in 1903 was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement ordinance being foisted upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy, summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof. The first installment of the assessment against appellee's property in this case fell due in less than thirty days after the improvement was completed, and it may be that the first installment was paid by appellee on the assumption that the board of local improvements would file the certificate required by section 84 and the hearing provided by that section would be held.

It is true, as pointed out by the collector, that appellee could have by *mandamus* compelled the board of local improvements to comply with section 84. (*Price* v. *Board of Local Improvements,* 266 Ill. 299.) It is also true that the failure of the board of local improvements to comply with said section is a valid objection to an application of the collector for judgment of sale when the improvement is completed, as in this case, before the installment for which application for judgment is made falls due. (*People* v. *Conway, supra; People* v. *Kesner, supra.*) As we have pointed out, the provisions of section 66 of the act do not operate to prevent appellee making such objection in this case.

The judgment of the county court is affirmed.

*Judgment affirmed.*