(No. 21732.—

THE PEOPLE ex rel. H. C. Montgomery, County Collector, Appellant, vs. ROBERT TOWNSEND, Appellee.

*Opinion filed April 22, 1933.*

OSCAR E. CARLSTROM, Attorney General, and JOHN A. McKEENE, State's Attorney, for appellant.

A. B. JOHNSON, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Scott county sustaining appellee's objections to the petition of the county collector of that county for judgment against the lands of appellee for the third installment of a special assessment levied by the city of Winchester against appellee's lands for the payment of an improvement in paving district No. 6 of that city.

It was stipulated by the parties that the improvement for which the special assessment was levied was completed at least two years prior to January 2, 1932, and that no

certificate of the cost of the improvement or that the same was constructed so as to conform substantially to the requirements of the original ordinance for the construction of the improvement had ever been filed in the county court by the board of local improvements, as required by section 84 of the Local Improvement act; that the assessment was divided into ten installments, and that application for judgment and order of sale against appellee's property was made at the June term, 1930, of the county court of Scott county for the first installment and that no objections were filed thereto; that judgment and order of sale against the property were entered and the property offered for sale and forfeited to the State; that application was also made at the June term, 1931, for judgment and order of sale against said property for the second installment of the assessment and like proceedings had, no objection being filed by appellee; that after the completion of the work the board of local improvements of the city of Winchester accepted the work as constructed and directed the payment of the contractor therefor, and that appellee had not paid either the first, second or third installment of the assessment or any part thereof.

Appellee's objection was that the third installment of the special assessment was not delinquent by reason of the failure of the board of local improvements to comply with the provisions of section 84 of the Local Improvement act. Appellant's contention is, appellee not having raised this objection when the application was made to the county court for judgment and order of sale of appellee's property for failure to pay the first installment of the assessment, that by virtue of section 66 of the Local Improvement act he is precluded from raising that question as to the third installment, and several authorities construing section 66 are cited in support of this contention. In the cases cited the objection raised was as to some irregularity occurring prior to the confirmation of the assessment and in none of

them was the precise question here involved raised. Before the amendment to section 84 of the Local Improvement act in 1903 the authority and power to approve and accept the work were vested in the board of local improvements and the city. By section 84 as amended the board of local improvements is required to cause the cost of the improvement to be certified to the court in which the assessment was confirmed, within thirty days after the final completion and acceptance of the work. The cases cited by appellant were either cases arising before the 1903 amendment of section 84 or cases where there had been a compliance with section 84 as amended. Section 84 is mandatory, the language being, "the intent and meaning hereof being that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work and of the interest that may accrue thereon." Section 66 and section 84 must be construed together. The provisions of section 66 are the same as they were prior to the amendment of section 84 in 1903. The pertinent part of section 66 is as follows: "When such application is made for judgment of sale on an installment only of an assessment payable by installments, all questions affecting the jurisdiction of the court to enter the judgment of confirmation and the validity of the proceedings shall be raised and determined on the first of such application. On application for judgment of sale on any subsequent installment, no defense, except as to the legality of the pending proceeding, the amount to be paid, or actual payment, shall be made or heard. And it shall be no defense to the application for judgment on any assessment or any installment thereof that the work done under any ordinance for an improvement does not conform to the requirements of such ordinance, if it shall appear that the said work has been accepted by or under the direction of the board of local improvements."

It is to be noted that the objection here filed is not an objection as to the jurisdiction of the court to enter the

judgment of confirmation nor does it go to the validity of the proceeding *in toto,* but the objection does go to the legality of the pending proceeding in that it is claimed that there has been no compliance with section 84, and that by reason thereof the installment in question in this suit was not delinquent, so that judgment of sale could not legally be rendered against appellee's property.

When section 66 was enacted the sole power to accept an improvement lay in the board of local improvements, and when it was accepted by the board such acceptance was final and binding upon both the city and the tax-payer. This power was given to the board of local improvements by section 83 as it then existed. When section 84 was amended the board of local improvements was no longer the final arbiter as to the completion of the work in accordance with the ordinance, but that power was taken from the board of local improvements and vested solely in the court which had confirmed the assessment, and in so doing by implication it amended sections 83 and 66, and the tax-payer and the city could no longer be concluded by an acceptance of the improvement by the board of local improvements but could only be concluded upon that question when section 84 had been complied with and the court had finally acted in the premises. Our views upon this question can best be expressed by a citation from *People* v. *Conway,* 253 Ill. 140, where it is said with reference to this question: "By the amendment of section 84 of the Local Improvement act in 1903 the power theretofore exercised by the board of local improvements to determine whether a local improvement had been constructed in accordance with the improvement ordinance, and to bind the city and the property owners by its acceptance, was taken away and conferred upon the court wherein the assessment had been confirmed. (*Case* v. *City of Sullivan,* 222 Ill. 56.) That section requires a certificate of the cost of a local improvement to be filed by the board of local improvements, and

that whenever the assessment is divided into installments, as was the case here, the board of local improvements shall also state in said certificate whether or not the said improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement. A hearing must be had upon such certificate after notice given, and the finding of the court as to its truth is conclusive and not subject to review. We have held that a special assessment is not delinquent until after this certificate has been filed, and that an application for judgment of sale before such section has been complied with cannot be maintained. (*Gage* v. *People,* 219 Ill. 634.) It is essential that it should be so, for otherwise the property owner would have no opportunity to have the judgment of a court as to whether the improvement conformed to the ordinance, but might be compelled, without remedy, to pay for an improvement different from that authorized by the ordinance. We said in *Case* v. *City of Sullivan, supra,* on page 61: 'We think the amendment to section 84 was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement ordinance being foisted upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof.' " In *Price* v. *Board of Local Improvements,* 266 Ill. 299, it was held that so far as possible the inconsistent language of other sections of the act must be brought into harmony with the amendment of section 84, but so far as that could not be done the express amendment had the effect of repealing contrary provisions.

Prior to the amendment of section 84, under section 66 it was a defense to the application for judgment for any

installment that the work done under any ordinance for an improvement did not conform to the requirements of such ordinance if the work had not been accepted by or under the direction of the board of local improvements. After the amendment of section 84, on an application for judgment on any such assessment such defense could not at any time be interposed to such application, as the legislature had entirely withdrawn jurisdiction from the county court to hear and determine whether the work done under any ordinance for an improvement conformed to the requirements of such ordinance, except in a proceeding under section 84.

In *Gage* v. *People, supra,* where an application was made in the county court of Cook county at its June, 1905, term, by the county collector for judgments and orders of sale for delinquent special assessments for the third installment for a sewer on Addison street and for the fourth and fifth installments for paving Fortieth avenue, all in Chicago, and it appeared that the sewer on Addison street was completed December 31, 1902, and the first voucher was issued May 16, 1902, and the paving on Fortieth avenue was completed on May 21, 1901, and the first voucher issued March 12, 1901, and at the time of the county collector's application for judgment no certificate of the cost of either improvement had been filed, the court said: "The more serious question arising in each of the consolidated cases is the failure to comply with the requirements of section 84, which we regard as of substantial importance to the tax-payer. By its provisions he is given an opportunity, before he pays an assessment, to have the court pass upon the cost of the improvement, so that if the cost is less than the assessment he may have the benefit of the rebate and only be required to pay his share of the actual cost of the work. He is thereby relieved from the payment of a larger sum than the actual cost of the improvement and compelled to await the pleasure of the municipal authori-

ties to rebate to him the excess. The requirements of section 84 were not complied with until after the application for judgment, and upon the hearing the court permitted the report therein provided for to be made. In two of the assessments, as above shown, there were substantial reductions, and the appellant was entitled to the benefit of the same. The section requires the reports to be made within thirty days after the completion of the work, and, taking all of the foregoing sections together, it was evidently the intention of the legislature that the rebates should be made before the tax-payer was required to pay assessments. Where the assessment is payable in installments, the first falls due January 2 after the date of the first voucher, and it must be delinquent on April 1 following, in order that the municipal collector can legally report that fact to the county collector. Inasmuch, therefore, as the requirements of section 84 had not been complied with when the application for judgment and order of sale was made at the June term, 1905, the appellant was not in default and the assessments were not properly treated as delinquent, he having had no opportunity or notice to pay amounts for which he was actually liable. Section 84 is mandatory, the language being, 'the intent and meaning hereof being that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work and of the interest that may accrue thereon.' No excuse is offered for the failure of the appellee to comply with this section of the statute, and in each case there was ample time, after the completion of the work, to file the required report, so that appellant could have had an opportunity to pay that for which he was liable before the filing of the application for judgment. The objection that section 84 had not been complied with should have been sustained. Appellant should be given until January 2, 1906, to pay these assessments, and no application for judgment can be legally made until after that date."

In *People* v. *Kesner,* 325 Ill. 285, section 84 was construed, and it was held that where the improvement was extensive and some installments were due before the work was completed the collection of such installments might be enforced before final completion of the work had been certified to the court and approved as provided by section 84, but where the improvement had been completed it must be certified to the court and adjudication had before the assessment was delinquent, and in so holding the court said: "We desire to make it plain that this applies only to cases where the work on the improvement cannot be completed for an extended period and an installment becomes due before completion. When the improvement has been completed it must be certified to the court by the board of local improvements and an adjudication had by the court before the assessment is delinquent. The reason for this is so obvious as not to require discussion."

By the provisions of section 84 a tax-payer, before he is compelled to pay any given installment coming due after the actual completion of the improvement, is entitled to have the court pass upon the cost of the improvement, so that if the cost is less than the assessment he may have the benefit of the rebate and only be required to pay his share of the actual cost of the work. Any other construction would be contrary to reason and the many decisions of this court and unreasonably oppressive to the tax-payer. By sustaining appellee's objection the court did not relieve him from the ultimate payment of such installment, if, upon a compliance with the statute by the board of local improvements, the court should find that the cost of the improvement was such that appellee should pay the full amount of the installment.

The only effect of the court's holding was that the installment in question was not delinquent at the time of the application of the county collector for judgment, and the judgment is affirmed.           *Judgment affirmed.*